882 So.2d 472 (2004)
Raymond ALLENDE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2101.
District Court of Appeal of Florida, Fifth District.
September 17, 2004.
Ricardo R. Pesquera, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
In this direct appeal, Raymond Allende argues that the twenty-five-year sentence imposed by the trial judge following his conviction of trafficking in cocaine in excess of 200 grams[1] was vindictive. He contends that the trial judge punished him with an enhanced sentence for proceeding to trial, rather than accepting the State's plea offer of seven years in prison.
Allende failed to raise this issue in the trial court as required by Florida Rule *473 of Criminal Procedure 3.800(b). Consequently, he cannot raise it for the first time on direct appeal. While conceding that the issue was not preserved in the trial court, Allende contends that a vindictive sentence constitutes fundamental error that can be raised for the first time on appeal. We disagree. "[F]or defendants whose initial briefs were filed after the effective date of rule 3.800(b)(2)[[2]], the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal." Brannon v. State, 850 So.2d 452, 456 (Fla.2003).
Our supreme court made clear in Amendments to Florida Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.2000) (hereafter Amendments II), that Rule 3.800(b) must be used to preserve both fundamental and non-fundamental sentencing errors.
[T]he amended rule is intended to provide one mechanism whereby all sentencing errors may be preserved for appellate review.... The amendment to rule 3.800(a) will make it clear that a rule 3.800(b) motion can be used to correct any type of sentencing error, whether we had formerly called that error erroneous, unlawful or illegal.

Brannon, 850 So.2d at 458-59 (quoting Amendments II, 761 So.2d at 1019) (emphasis supplied).
Our conclusion that Allende's alleged sentencing error must first be presented below is buttressed by Florida Rule of Appellate Procedure 9.140(e), which provides:
A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentence; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
Because Allende failed to preserve the issue for appellate review, we affirm.[3]
AFFIRMED.
*474 PETERSON and TORPY, JJ., concur.
ORFINGER, J., concurs and concurs specially, with opinion, in which TORPY, J., concurs.
ORFINGER, J., concurring and concurring specially.
I agree that Allende's claim of a vindictive sentence must fail on direct appeal because of his failure to raise the issue in the trial court as required by Florida Rule of Criminal Procedure 3.800(b). Nevertheless, the following exchange between the trial judge and Allende just prior to trial suggests to me that Allende's claim, although procedurally barred, has merit:
THE COURT: Mr. Allende, my understanding is that you have rejected the offer of the minimum [seven years] that the State Attorney's office is permitted to give you, is that right?
THE DEFENDANT: Yes.
THE COURT: Okay. You understand that you are looking at a first-degree felony, which means that you could get 30 years in prison if you are convicted, right?
THE DEFENDANT: Yes.I  this is my first case here.
THE COURT: So?
THE DEFENDANT: I need time to think about it. This is the first time I've ever had any kind of problems in my life. I think I have a right to probation.
THE COURT: No, you don't, not when you are trafficking in 200 grams or more of cocaine.
I would have to tell you that the maximum punishment is 30 years in prison. I probably would not give you thirty years in prison, because I generally reserve that for something really, really gross. I probably would give you somewhere between probably around 28 years in prison, but I would sort of hold back the 30 years.

So what you are doing is you are rejecting this plea. By rejecting this plea, you are giving up your right to seven years and gambling that you would not get 28 years. You understand the gamble that you are taking?

THE DEFENDANT: Yes.
THE COURT: And that's what you want to do? It's your life, you are absolutely entitled to gamble with your life if you want to.
How old are you?
THE DEFENDANT: Well, it's that  no one  no attorney has helped me well in this case.
THE COURT: Oh, yeah, the victim cry. Everybody is a victim.
THE DEFENDANT: I already wrote a letter to you.
THE COURT: I never pay attention to those things. That's just whining. The time to think about this was August. How old are you?
THE DEFENDANT: Twenty-five. It's the first time I've ever had problems in my life.
THE COURT: You will be out of prison at 53. Of course, there's a big difference between being out of prison at age 32 and 53.
[Defense Counsel]: Judge, he already has a year in.
THE COURT: Three hundred forty-nine days already in.
So you don't want this deal, you want to gamble with your life, is that right?
THE DEFENDANT: Can they give me a lower offer?
[The State]: No.
THE DEFENDANT: I need an attorney who will represent me well because there are problems in my case.

*475 THE COURT: I thought this was a hand-to-hand buy with a police officer?
[Defense Counsel]: It is. My client was found in the vehicle actually doing the transaction and he ran out of the car, they captured him and he had all of the drugs on him.
[The State]: And he did also admit to it, as well as the fact that he was possessing a firearm while this was going on.
THE DEFENDANT: I didn't have a firearm.
[Defense Counsel]: He didn't, Judge.
Actually, the codefendant had the firearm.
THE COURT: Okay. If you tell me you want a trial, you will have a trial tomorrow morning. But you have to understand that never again will they offer you seven years, at least that's what they tell me.
* * *
THE COURT: We are wasting a lot of time. He doesn't want this seven-year offer that the State's making and he understands that if he goes to trial and loses he's going to get somewhere between 28 and 30 years, more likely 28 years, then I suggest that we get started. It's his life and he has a right to gamble with his life. I just simply don't want to listen to a lot of whining from prison about how he did not know he could plead to seven years and if he were to take a deal and yack, yack, yack, yack, yack. I don't want to hear all that. If he understands that he's gambling with his life, then I think that's what we should do. I just want to make sure that he understands.
(emphasis added).
Following a trial on largely uncontroverted facts, Allende was found guilty and sentenced to twenty-five years in prison. He now contends that his sentence was the result of judicial vindictiveness.
It is axiomatic that a judge must neither state, nor imply "alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." State v. Warner, 762 So.2d 507, 513-14 (Fla.2000). Judges must scrupulously avoid suggesting in any way that a defendant's sentence might vary depending on whether the defendant chooses to exercise his or her right to a trial. Hornbuckle v. State, 864 So.2d 1203, 1204 (Fla. 5th DCA 2004). As the supreme court has observed, "[a]ny judicially imposed penalty which needlessly discourages assertion of the Fifth Amendment right not to plead guilty and deters the exercise of the Sixth Amendment right to demand a jury trial is patently unconstitutional." City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla.1985) (quoting Gillman v. State, 373 So.2d 935, 938 (Fla. 2d DCA 1979)); see United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). As a consequence, although a guilty plea may justify leniency, see Alabama v. Smith, 490 U.S. 794, 802, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), an "accused may not be subjected to more severe punishment for exercising ... [the] constitutional right to stand trial." Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988); see Wilson v. State, 845 So.2d 142, 150 (Fla.2003).
In this case, I believe that the trial judge's comments were heavy handed at best, and indicative of judicial vindictiveness [1] at worst. Regrettably, however, I *476 agree that we are unable to address the issue, which must be resolved, if at all, in postconviction proceedings.
I do not suggest that limited judicial participation in the plea bargaining process is improper. To the contrary, the supreme court authorized judicial participation in the plea bargaining process within strict confines. See Wilson. My concern here is more fundamental  this was a straightforward case on largely uncontroverted facts, all of which were known by the trial judge before the quoted exchange took place. In my mind, the trial judge's position regarding sentencing was best summarized when the judge said:
"He doesn't want the seven-year offer that the State's making and he understands that if he goes to trial and loses he's going to get somewhere between 28 and 30 years...."
To me, the message was clear: Take the State's offer of seven years now, because you will pay dearly if you insist on your constitutional right to a trial. Simply put, that is wrong.
TORPY, J., concurs.
NOTES
[1] § 893.135(1)(b), Fla. Stat. (2002).
[2] Rule 3.800(b)(2) provides, in relevant part:

(b) Motion to Correct Sentencing Error. A motion to correct any sentencing error, including an illegal sentence, may be filed as allowed by this subdivision.... The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days, either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the sentencing error would benefit the defendant or to correct a scrivener's error.
* * *
(2) Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party's first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(e)(6).
(A) The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the movant in the trial court, trial counsel will represent the movant on the motion under Florida Rule of Appellate Procedure 9.140(b)(5). If the state is the movant, trial counsel will represent the defendant unless appellate counsel for the defendant notifies trial counsel and the trial court that he or she will represent the defendant on the state's motion.
[3] We express no opinion regarding Allende's ability to raise the alleged vindictive sentencing error in appropriate postconviction proceedings.
[1] "[T]he expression `vindictiveness' [or vindictive sentencing] is simply a term of art which expresses the legal effect of a given objective course of action, and does not imply any personal or subjective animosity between the court (or a prosecutor) and the defendant." Frazier v. State, 467 So.2d 447, 449 n. 4 (Fla. 3d DCA 1985).