[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12671
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60049-CV-WPD

CHRISTOPHER CREED,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
Walter A. McNeil,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 12, 2009)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Christopher Creed, a Florida state prisoner proceeding pro se, appeals the district court's denial of his habeas corpus petition filed under 28 U.S.C. § 2254. Creed contends that his sentence was based on judicial vindictiveness.

**I.**

The first issue is whether Creed's assertion of judicial vindictiveness is procedurally barred. Under Florida law, the argument that a defendant's sentence was vindictive must be raised in the trial court and cannot be raised for the first time even on direct appeal. Allende v. State, 882 So. 2d 472, 473 (Fla. 5th DCA 2004) ("While conceding that the issue was not preserved in the trial court, Allende contends that a vindictive sentence constitutes fundamental error that can be raised for the first time on [direct] appeal. We disagree."). Creed concedes that he did not raise his claim of a vindictive sentence in the trial court, or even on direct appeal, but raised it for the first time during his state collateral appeal. Thus, the Florida state courts could have held that Creed's vindictiveness claim was procedurally barred. If they did so, then we are bound by that procedural bar. See Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999). But if the state courts reached the merits of Creed's claims regardless of the procedural default, then we too may reach the merits of his claims. Id. at 1304–05 (citing Harris v. Reed, 489 U.S. 255, 260, 109 S. Ct. 1038 (1989)). The usual question, when the state appellate court

2

has addressed the issue raised by the defendant, is whether that court "clearly and expressly state[d] that its judgment rest[ed] on a procedural bar." Harris, 489 U.S. at 263, 109 S. Ct. at 1043.

However, in this case neither of the state court opinions that deny Creed's Rule 3.850 motion address his vindictiveness claim at all. The state trial court issued a summary order regarding all of Creed's many claims; that order stated only that "The Defendant's claims are without merit. The Court hereby adopts the reasoning set forth in the State's Response. . ." Florida v. Creed, No. 01-2754CF10A (Broward Cir. Ct. Jan. 2, 2007) (Siegel, J.). The state's response incorporated by the circuit court did not address Creed's vindictiveness claim at all. On his appeal to the Fourth District Court of Appeal, Creed argued that the circuit court had ignored his vindictiveness claim. The state appellate court affirmed without an opinion. Creed v. State, 957 So. 2d 1179, No. 4D07-482 (Fla. 4th DCA 2007) (Table). Therefore, no Florida state court has ever "discuss[ed] the federal grounds at issue," see Tower v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993), because Creed never raised the issue before the trial court or on direct appeal, and during his 3.850 proceedings neither court chose to specifically address it.

We have held that, where the existence of a procedural bar is clear and no state court has given any rationale for its summary disposition of the defendant's

claim, we will not presume that "had the [state court] explained its reasoning, it would have reached the merits of [the defendant's] claim." Kight v. Singletary, 50 F.3d 1539, 1545 (11th Cir. 1995); Tower, 7 F.3d at 211. In Tower the state courts had inexplicably refused to rule at all on the defendant's 3.850 motion. We stated that "The Florida court's inaction in this case is analogous to a summary denial, in which no explanation is given for a court's ruling." 7 F.3d at 210. We noted that the defendant's 3.850 motion had been filed three years too late, and so was obviously susceptible to procedural default. Id. at 211. We added that "we may not assume that had the state court issued an opinion, it would have ignored its own procedural rules and reached the merits of this case. In fact, the most reasonable assumption is that had the state court ruled, it would have enforced the procedural bar." Id. Accordingly we affirmed the denial of the habeas corpus petition in Tower without reaching the merits of the defendant's claims.

The same rationale applies in this case. The most reasonable assumption for the Florida court's refusal to address Creed's vindictiveness claim is that it was procedurally barred for at least two reasons: Creed's failure to raise the vindictiveness claim before the trial court, and his failure to raise it on direct appeal. See also Kight, 50 F.3d at 1545 n.14 (observing that Kight had defaulted on two independent grounds and assuming that the Florida courts in that case, had

4

they addressed his claim, would not have reached the merits).  Therefore, Creed's

judicial vindictiveness claim is procedurally barred.

Even if we were to reach the merits of Creed's vindictiveness claim,

however, it is without merit.  During Creed's plea negotiations, the trial judge had

been amenable to a sentence below the 20-year statutory minimum.  The judge told

Creed, however, that at that time he "had not seen any facts and circumstances of

this case, none whatsoever," and added that if the circumstances later warranted it,

he would not hesitate to sentence Creed to life.  Creed then elected to go to trial,

where he was acquitted of attempted murder but convicted of drug trafficking and

lesser offenses.  Creed's statutory range was adjusted downward to 15 years to life.

After considering the Presentence Investigation Report and the facts of the case,

which revealed that Creed was an unrepentant, uncooperative armed cocaine

trafficker who had assaulted an undercover police officer, the judge sentenced him

to life.

The imposition of a longer sentence than a defendant would have received

had he pleaded guilty does not automatically amount to punishment for the

defendant's exercising his right to stand trial.  Frank v. Blackburn, 646 F.2d 873,

882–83 (5th Cir. 1980)[1] (en banc), modified on other grounds, 646 F.2d 902 (5th

---

[1] In our en banc decision in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th
Cir.1981), we adopted as binding precedent all decisions of the former Fifth Circuit handed

Cir. Jan. 1981); see also Bordenkircher v. Hayes, 434 U.S. 357, 98 S. Ct. 663 (1978). A trial judge may reasonably increase a defendant's sentence after trial because the trial gives the judge the benefit of hearing testimony, becoming aware of the facts of the case, and understanding "the flavor of the event and the impact upon any victims." Frank, 646 F.2d at 885. Creed has not demonstrated any judicial vindictiveness evident in his sentence. The sentence is well-supported by the facts of the case and there is no evidence that the trial judge intentionally set out to punish Creed for not pleading guilty. See id. ("We have no reason to attribute [the] increased sentence to anything other than the trial judge's more accurate appraisal of the circumstances after hearing the full disclosure of the facts at trial.").

**AFFIRMED.**

---

down prior to October 1, 1981.