GRIFFIS, P.J.,
for the Court:
¶ 1. The issue in this appeal is whether a motion to award attorney’s fees following entry of judgment constitutes a motion under Rule 59(e) of the Mississippi Rules of Civil Procedure. Finding reversible error, we remand this case for further consideration by the Yazoo County Circuit Court.
FACTS
¶ 2. On April 21, 2007, Robert Michael Fulton was injured when he was struck by an automobile driven by Lofton Eugene (“Gene”) Pigg Jr. Fulton and Pigg were at the Little Yazoo Dirt Race Track. Pigg lost control of his automobile as he drove through the spectator section. Pigg was intoxicated at the time of the accident and had no automobile insurance.
¶ 3. Fulton submitted a claim for uninsured-motorist benefits to his automobile-insurance carrier, Mississippi Farm Bureau Casualty Insurance Company. Farm Bureau did not immediately pay the benefits. After Fulton filed a complaint against Farm Bureau, Farm Bureau paid Fulton $25,502.50 of his $50,500 in total available uninsured-motorist benefits.
¶ 4. Fulton asserted claims against Farm Bureau for breach of contractual duty to pay insurance proceeds; gross negligence in breaching a duty to investigate, process, and pay Fulton’s claim; and bad-faith refusal to pay on the grounds that Farm Bureau had no arguable justifiable basis to delay payment. Farm Bureau filed a third-party complaint against Pigg.
¶ 5. After a trial, the jury found Pigg at fault for the collision and found no fault on the part of the race track. The circuit judge entered a final judgment, agreed as to form by the attorneys, that the jury verdict: (a) awarded Fulton compensatory damages in the amount of $24,497.50, which was the remainder of his uninsured-motorist-policy limit; (b) awarded Fulton extra-contractual damages in the amount of $10,000 for Farm Bureau’s negligence in failing to investigate and pay Fulton’s claim in a timely manner; and (c) found in favor of Farm Bureau on the claim for bad faith and punitive damages.
¶ 6. Post-trial, Fulton filed a motion for an award of attorney’s fees, expenses, costs, and prejudgment interest. Fulton titled the motion as, “Plaintiffs Motion to Amend Judgment and to Award Attorneys Fees and Expenses, Costs and Interest.” The motion asked the circuit court to award Fulton $120,773 in attorney’s fees and expenses. The motion included a detailed itemization of the attorney’s fees and expenses incurred. In the motion, Fulton claimed that the award was authorized by Universal Life Insurance Co. v. Veasley, 610 So.2d 290 (Miss.1992).
¶ 7. After a hearing, the circuit court denied the motion, stating:
This Court, after considering the motion, records and pleadings, finds that Plaintiff filed a timely Rule 59(e) motion to amend judgment[,] but the Plaintiffs motion failed to show one of the three requirements set forth by the Mississippi Supreme Court in Brooks v. Roberts, 882 So.2d 229 (Miss.2004)[,] which states:
[I]n order to succeed on a Rule 59(e) motion, the movant must show: (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law or to prevent manifest injustice.” Brooks v. Roberts, 882 So.2d 229 (Miss.2004).
The Court therefore finds that Plaintiffs Motion to Amend Judgment to award attorneys fees and expenses, costs and interest is hereby DENIED.
*333 It is from this judgment that Fulton now appeals.
STANDARD OF REVIEW
¶ 8. “Since this Court’s standard of review dictates that the discretionary decision of the trial judge to deny attorney’s fees be reversed only upon an abuse of discretion, this Court must determine if such an abuse, such as misapplication of the law or an unreasonable decision in light of the alternatives, occurred.” Cruse v. Nunley, 699 So.2d 941, 944 (¶ 11) (Miss.1997) (citation and quotation omitted).
ANALYSIS
¶ 9. Fulton argues that the circuit court’s ruling was in direct conflict with supreme court precedent. Indeed, Mississippi law on this issue is well settled. In Bruce v. Bruce, 587 So.2d 898, 908 (Miss.1991), the Mississippi Supreme Court held that “motions for reassessment of costs or for attorneys fees lie outside Rule 59(e), because they are ‘collateral’ and do not seek a change in the judgment but ‘merely what is due because of the judgment.’” In Cruse, 699 So.2d at 946 (¶ 19), the supreme court also held that “[rjegardless of when attorney’s fees are requested, the court’s decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits — an inquiry that cannot even commence until one party has ‘prevailed.’” “[T]he fact that [a] fee request was made after the entry of judgment is not a proper basis for denying the fee award.” Id at (¶ 20).
¶ 10. The jury’s verdict of $10,000 for extra-contractual damages is not subject to consideration in this appeal. To award extra-contractual damages, the jury had to find that the mental anguish and emotional distress of the plaintiffs was “an independent intentional tort separate from the breach of contract.” Veasley, 610 So.2d at 295. In Veasley, the supreme court held that “[sjimple negligence is not such an independent tort that would support extra-contractual damages.” Id. Fulton’s request for attorney’s fees and expenses was based on the following language from Veasley: “Additional inconvenience and expense, attorney[’s] fees and the like should be expected in an effort to have the oversight corrected. It is no more than just that the injured party be compensated for these injuries.” Id.
¶ 11. In Essinger v. Liberty Mutual Fire Insurance Co., 534 F.3d 450, 451 (5th Cir.2008), the United States Fifth Circuit Court of Appeals discussed Veasley and concluded:
In practice, two separate categories of damages are recognized. Punitive damages are available for egregious conduct. The lesser level of damages may be appropriate where the insurer lacks an arguable basis for delaying or denying a claim, but the conduct was not sufficiently egregious to justify the imposition of punitive damages. See Universal Life Ins. Co. v. Veasley, 610 So.2d 290, 295 (Miss.1992). These damages are an intermediate form of relief between simply receiving incidental costs of suit (but not attorneys’ fees), and getting punitive damages. Id. at 295 (“Additional inconvenience and expense, attorney[’s] fees and the like should be expected in an effort to have the oversight corrected. It is no more than just that the injured party be compensated for these injuries.”).
The Mississippi Supreme Court described the kind of conduct that gives rise to the lower level of damages: Applying the familiar tort[-]law principle that one is liable for the full measure of the reasonably foreseeable consequences of her actions, it is entirely foreseeable by an insurer that the failure to pay a *334 valid claim through the negligence of its employees should cause some adverse result to the one entitled to payment. Id. Thus, Mississippi law recognizes that negligent conduct of the insurance company can justify recovery of, for example, attorneys’ fees; punitive damages require bad faith by the insurance company.
(Emphasis added).
¶ 12. The question presented is whether attorney’s fees, under Veasley, are to be submitted to the jury to determine as an element of damages to be awarded or to the court as a collateral or derivative matter. The supreme court answered this in Mississippi Power & Light Co. v. Cook, 882 So.2d 474 (Miss.2002).
¶ 18. In Cook, a former employer of MP & L brought a bad-faith action against MP & L. Id. at 478 (¶ 4). The former employee alleged that MP & L had no arguable basis to stop his workers’ compensation benefits. The jury awarded the former employee compensatory damages in the amount of $150,000 and punitive damages in the amount of $5,000,000. Id. Based on the award of punitive damages, the circuit court entered an award of attorneys’ fees in the amount of $2,060,000. Id. The supreme court held the following standard of review applied to the award of attorneys’ fees:
The standard of review regarding attorneys’ fees is the abuse of discretion standard. “The fixing of reasonable attorneys’ fees is a matter ordinarily within the sound discretion of the trial court.” Gilchrist Tractor Co. v. Stribling, 192 So.2d 409, 418 (Miss.1966). This Court has held:
It is well settled in this State that what constitutes a reasonable attorney’s fee rests within the sound discretion of the trial court and any testimony by attorneys with respect to such fees is purely advisory and not binding on the trial court. We will not reverse the trial court on the question of attorney’s fees unless there is a manifest abuse of discretion in making the allowance.
Mauck v. Columbus Hotel Co., 741 So.2d 259, 269 (Miss.1999).
Cook, 832 So.2d at (¶ 7). The supreme court reversed the award of punitive damages and rendered a remittitur of the award of punitive damages on the condition that if the remittitur is not accepted then the case would be remanded for a new trial on punitive damages. Id. at 485 (¶ 38).
¶ 14. The supreme court also held that “[wjhere punitive damages are awarded by the jury, attorneys’ fees are justified.” Id. at 486 (¶ 40). The supreme court noted that the trial judge, not the jury, ordered the payment of attorneys’ fees. Id. at 487 (¶ 41). The supreme court then concluded that the trial court abused its discretion in the award of attorneys’ fees by not following the appropriate guidelines. Id. at (¶ 42). The supreme court then held:
The award of attorneys’ fees should be vacated and remanded to the trial court. The trial judge should reconsider this issue in light of the McKee [v. McKee, 418 So.2d 764 (Miss.1982) ] factors and support a new award, if any, based on findings of fact and conclusions of law concerning those specific factors. Additionally, the trial judge should rule accordingly in light of the remittitur. If the remittitur is not accepted by the plaintiff, and a new trial is ordered and no punitive damages are awarded by the jury, then attorneys’ fees cannot be awarded by the trial court.
[[Image here]]
We affirm the judgment to the extent that it awarded Cook $150,000 in com *335 pensatory damages. We remit punitive damages of $5,000,000 to $500,000. If Kenneth D. Cook accepts such remitti-tur so as to reduce the punitive damage award to $500,000 within ten days after the judgment of this Court becomes final, then the award as reduced will be affirmed. The award of attorneys’ fees is vacated and remanded to the trial court for further proceedings consistent with this opinion. Additionally, a hearing should be held by the trial judge in accordance with this opinion to determine attorneys’ fees strictly adhering to the McKee factors. Otherwise, the cause is reversed and remanded to the trial court for trial upon the issues of punitive damages. If punitive damages are thereafter awarded by the jury, then the award of attorneys’ fees should be addressed by the trial judge specifically using the McKee factors in her determination. However, if no punitive damages are awarded by the jury, then attorneys’ fees are clearly not to be awarded by the trial judge.
Cook, 832 So.2d at 487-88 (¶¶ 42-43) (emphasis added).
¶ 15. Based on Cook, this Court is of the opinion that the same holds true where extra-contractual damages are awarded by the jury. The issue of attorney’s fees is to be submitted to the court as a collateral or derivative matter. Thus, the time for such consideration is post-trial, as Fulton attempted to do here.
¶ 16. We find that the circuit court improperly considered Fulton’s motion under Rule 59(e). Accordingly, we reverse the judgment of the circuit court and remand this action for the consideration of Fulton’s motion for attorney’s fees and expenses.
¶ 17. THE JUDGMENT OF THE YA-ZOO COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS ' WITH SEPARATE WRITTEN OPINION JOINED IN PART BY BARNES, J. MYERS, J., NOT PARTICIPATING.