ON WRIT OF CERTIORARI

DICKINSON, Presiding Justice,
for the Court:
¶ 1. After Mississippi Farm Bureau Casualty Insurance Co. (“Farm Bureau”) delayed payment of Robert Michael Fulton’s uninsured-motorist benefits, Fulton sued Farm Bureau. The jury found Farm Bureau negligent for failing to timely investigate and pay Fulton’s claim, awarding Fulton $10,000 in extracontractual damages. The jury did not find that Farm Bureau acted grossly negligent, reckless, or in bad faith and awarded no punitive damages.
¶ 2. Following the jury’s verdict, Fulton filed a post-judgment motion to amend, seeking $120,773 in attorney’s fees and expenses. The circuit court denied the motion, analyzing it under Mississippi Rule of Civil Procedure 59(e) and finding that Fulton had not shown reason to amend as this Court requires.[1] Fulton appealed the denial of his motion, arguing that attorney’s fees were collateral to the final judgment and outside the scope of Rule 59(e). The Court of Appeals agreed and reversed the circuit court, holding that — because attorney’s fees are “collateral” to the final judgment and outside the scope of Rule 59(e) — the court at least should have considered awarding them.
¶ 3. We find that the Court of Appeals erred in classifying attorney’s fees as “collateral.” Fulton had no post-judgment right to attorney’s fees because the jury did not award punitive damages, and neither a statutory nor a contractual provision authorizes such fees. The circuit court — properly applying a Rule 59(e) analysis — did not abuse its discretion in denying Fulton’s motion. Therefore, we *286 reverse the Court of Appeals and reinstate and affirm the circuit court’s decision.
BACKGROUND FACTS AND PROCEEDINGS
¶ 4. Robert Michael Fulton was a spectator at the Little Yazoo Dirt Race Track when an uninsured and intoxicated race-car driver, Lofton Eugene Pigg Jr., lost control of his race car and drove into the spectator section. Pigg struck and injured Fulton.
¶ 5. Six months after the accident, Fulton submitted a claim for uninsured-motorist benefits to Farm Bureau. Two months later, Fulton sued Farm Bureau,[2] claiming it had breached its contractual duty to pay insurance proceeds; delayed payment of insurance proceeds in bad faith; and negligently failed to timely investigate, process, and pay Fulton’s claims. Fulton pleaded actual economic damages, including attorney’s fees, as an element of damages resulting from Farm Bureau’s delay in investigating and paying the claim.
¶ 6. When Fulton filed suit, Farm Bureau was investigating Fulton’s claim. Farm Bureau ultimately paid Fulton $25,502.50 of his $50,500 in total available uninsured-motorist benefits. The jury found that Farm Bureau neither had breached the insurance contract nor acted in bad faith, and it awarded Fulton no punitive damages. However, the jury awarded Fulton the remainder of his uninsured-motorist policy benefits and — because Farm Bureau had delayed in investigating and paying Fulton’s claim — the jury awarded Fulton $10,000 in extracontractual damages. Neither party appealed the extracontractual damages or the denial of punitive damages.
¶ 7. Post-trial, Fulton filed a motion seeking $120,773 in attorney’s fees, costs, expenses, and interest. He argued that attorney’s fees were judgment-derivative and collateral to the jury’s verdict. The astute circuit judge denied the motion, stating:
This Court, after considering the motion, records and pleadings, finds that Plaintiff filed a timely Rule 59(e) motion to amend judgment!,] but the Plaintiffs motion failed to show one of the three requirements set forth by the Mississippi Supreme Court in Brooks v. Robertson [Roberts ], 882 So.2d 229 (Miss.2004), which states:
“[I]n order to succeed on a Rule 59(e) motion, the movant must show (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law to prevent manifest injustice.”
The Court therefore finds the Plaintiffs Motion to Amend Judgment to Award Attorneys Fees and Expenses, Costs and Interest is hereby DENIED.
¶ 8. Fulton appealed, alleging the circuit court erred in applying Rule 59(e). The Court of Appeals agreed, reversed, and remanded, holding that the circuit court should have considered attorney’s fees because they lie outside the scope of Rule 59(e).[3] Farm Bureau filed, and the Court of Appeals denied, a motion to reconsider. Farm Bureau timely petitioned this Court for certiorari.
ANALYSIS
¶ 9. The issue before this Court is whether Mississippi Rule of Civil Procedure 59(e) governs Fulton’s motion to amend for attorney’s fees. We hold it *287 does. Our review is therefore limited to abuse of discretion.[4] A judge may award attorneys fees collaterally only if statutorily or contractually authorized, or if punitive damages are also awarded.[5]
¶ 10. In this case, neither a statute nor a contract authorized attorney’s fees, and the jury did not award punitive damages. Therefore, attorney’s fees are not judgment-derivative and a postjudgment request for such fees falls within the scope of Rule 59(e). We find that the circuit court properly analyzed Fulton’s motion.
I. The circuit court did not abuse its discretion in denying Fulton’s motion to amend for attorney’s fees.
¶ 11. Rule 59(e) permits a party to file a motion to amend or alter a judgment.[6] The United States Supreme Court — construing an identical rule — “has held Rule 59(e) embraces motions urging ‘reconsideration of matters properly encompassed in a decision on the merits.’ ”[7] This Court, has held that “in order to succeed on a Rule 59(e) motion, the movant must show (i) an intervening change in controlling law, (ii) availability of new evidence not previously available, or (iii) need to correct a clear error of law to prevent manifest injustice.”[8]
¶ 12. As a result of Farm Bureau’s delay in payment and investigation of his claim — essentially, a negligence claim— Fulton pleaded actual economic damages, including attorney’s fees. The jury found that Farm Bureau was negligent in investigating and paying Fulton’s claim and awarded Fulton $10,000 in extracontractual damages. Fulton did not appeal the jury’s award of extracontractual damages.
¶ 13. Post-judgment, Fulton filed a motion to amend, seeking attorney’s fees. Recognizing that, in asking for attorney’s fees, Fulton was essentially seeking additional “extracontractual” damages, the trial judge considered Fulton’s motion under Rule 59(e), found that Fulton failed to show reason to amend, and denied the motion. This was not error.
¶ 14. Fulton argues, and the Court of Appeals agreed, that attorney’s fees are a collateral matter outside the scope of Rule 59(e). Attorney’s fees, however, are not merely a procedural matter separate from the substantive merits of an action. The right to attorney’s fees is substantive law.
¶ 15. Although, as explained below, circumstances may exist in which attorney’s fees would be collateral, this is not one of those circumstances. Without an independent right to attorney’s fees, a post-judgment motion to amend for attorney’s fees falls under Rule 59(e). And under Rule 59(e), certain requirements must be met. Fulton failed to meet those requirements. The circuit court did not abuse its discretion in denying Fulton’s motion.

A. A successful litigant in Mississippi is not automatically entitled to attorney’s fees.

¶ 16. Mississippi has long followed the American rule, meaning “[ajbsent some statutory authority or contractual provi *288 sion, attorneys’ fees cannot be awarded unless punitive damages are also proper.”[9] If independent grounds for attorney’s fees exist, a trial judge may award such fees collaterally.[10] But if the jury does not award punitive damages, “attorneys’ fees are clearly not to be awarded by the trial judge.”[11]
¶ 17. Neither the Mississippi uninsured motorists statutory scheme nor any other Mississippi statute authorizes attorney’s fees in this action. Fulton and Farm Bureau’s contract does not authorize attorney’s fees. And the jury did not award punitive damages. Therefore, Fulton had no post-judgment right to such fees.
¶ 18. Both Fulton and the Court of Appeals erroneously relied on this Court’s statement in Bruce v. Bruce: “motions for reassessment of attorneys fees lie outside Rule 59(e), because they are ‘collateral’ and do not seek a change in the judgment but ‘merely what is due because of the judgment.’ ”[12] This statement is inapplicable here because, in Bruce — and in the other cases cited by Fulton — either a statute or established precedent allowed the award of attorney’s fees.[13]
¶ 19. In this case, no independent grounds support Fulton’s post-judgment request for attorney’s fees. The circuit court properly recognized that it lacked independent grounds to award such fees and properly analyzed Fulton’s motion under Rule 59(e). It did not abuse its discretion in denying the motion.

B. The jury’s award of extracontrac-tual damages is insufficient independently to support attorney’s fees.

¶ 20. Fulton asserts that, like punitive damages, extracontractual damages independently support attorney’s fees. But extracontractual damages serve a different role than punitive damages in insurance actions. When an insurer denies a claim without an arguable basis, but the jury does not award punitive damages, extracontractual damages may provide an intermediate form of relief.[14] And in determining whether this intermediate relief is warranted, this Court has noted that mere negligence, without bad faith, “is not such an independent tort that would support extracontractual damages.”[15]
*289 ¶ 21. Neither party appealed the award of extracontractual damages, and its propriety is not at issue.[16] Fulton contends that, because Farm Bureau did not appeal the extracontractual damages, it is a final judgment and an independent basis for the trial judge to award attorney’s fees. Fulton interprets the award much too broadly.
¶ 22. The term “extracontractual damages” refers to damages not justified under the terms of the contract, and necessarily including punitive damages.[17] Punitive damages, technically, are always “extra-contractual” damages, since no one contracts to pay them. But in the insurance context, “extracontractual damages” are not punitive damages in the traditional sense.[18] Extracontractual damages are awarded when punitive damages are not, and are intended to cover reasonably foreseeable costs and expenses, such as attorney’s fees.[19]
¶23. The “extracontractual damages” that the jury awarded Fulton, by their very nature, were intended to cover his costs, expenses, and attorney’s fees.[20] Fulton had the option of appealing the award of extracontractual damages, and claiming that they were insufficient. This he did not do. Allowing an award of attorney fees on top of extracontractual damages would amount to a double recovery, and it would contradict the American rule.[21]
¶ 24. The Court of Appeals took issue with the jury’s award of extracontractual damages on the basis of negligence. Citing Veasley, the court stated “[t]o award extra-contractual damages, the jury had to find that the mental anguish and emotional distress of the plaintiffs was ‘an independent and intentional tort separate from the breach of contract.’”[22] The court inferred that by awarding extracontractual damages, the jury found an “independent and intentional tort.” The court then likened extracontractual damages to punitive damages, finding that attorney’s fees were collateral to the final judgment (as if ex-tracontractual damages were punitive damages).[23]
¶ 25. The Court of Appeals analysis was wrong for two reasons. First, nothing supports the court’s hypothesis that, in making its award, the jury found Farm Bureau liable for an “independent and intentional tort.” As Judge Carlton correctly pointed out in her dissent, “the [circuit *290 court’s] judgment reflects no finding of any intentional or malicious act or any act or reckless disregard rising above mere negligence.[24] This Court cannot infer that, because the jury awarded extracon-tractual damages, it must have found an independent intentional tort.[25] This is so especially where, as here, the record contains no indication supporting such a position.
¶ 26. Second, no precedent supports Fulton’s argument.[26] Were we to affirm the Court of Appeals and permit an award of attorney’s fees based on an award of extracontractual damages, “we would be moving toward the English rule of awarding counsel fees to successful plaintiffs in litigation.”[27] The circuit court properly recognized that, because no punitive damages were awarded, no independent grounds existed for a post-judgment award of attorney’s fees.

C. Universal Life Insurance Co. v. Veasley does not create an independent right to attorney’s fees.

¶ 27. Fulton correctly asserts that Veasley permits an award of attorney’s fees without an award of punitive damages.[28] But Veasley does not stand for the proposition that attorney fees may be awarded post-trial, on top of an award of extracontractual damages. Such a broad reading, premised on dicta, inaccurately interprets the Court’s holding in that case.
¶ 28. In Veasley, due to no evidence of bad faith, we reversed an award of punitive damages, but affirmed extracontractual damages awarded for an emotional-distress claim.[29] In articulating its reason for affirming, the Veasley Court stated, in dicta, that if an insurer negligently failed to pay a valid claim without “an arguable reason,” then “[additional inconvenience and expense, attorney’s fees and the like” may be foreseeable.[30] The Court merely used the term “attorney’s fees” to point out that under certain circumstances, ex-tracontractual damages may be available, even if punitive damages are not. But in Veasley, no attorney’s fees were awarded on top of the extracontractual damages award.[31]
¶ 29. Fulton’s jury verdict is similar to Veasley in one respect — extracontractual damages were awarded and punitive damages were not.[32] But the issue before us today is not the propriety of the extracon-tractual damages, as it was in Veasley. The issue before us today is Fulton’s post-judgment request for attorney’s fees following a jury’s award of extracontractual *291 damages — an issue not addressed in Veas-ley.
¶ 30. Fulton pleaded actual economic damages, including attorney’s fees, as an element of damages resulting from Farm Bureau’s delay in payment. Had Fulton appealed the award of extracontractual damages, claiming it was inadequate, we could have considered whether the jury’s award of extracontractual damages was appropriate. But since he did not appeal that issue, he will not be heard now to complain that he did not receive an award of attorney’s fees.
CONCLUSION
¶ 31. Following the jury’s award of ex-tracontractual damages, the circuit court properly considered and denied Fulton’s post-judgment request for attorney’s fees under Mississippi Rule of Civil Procedure 59(e). The circuit court did not abuse its discretion in denying Fulton’s motion and, accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the Circuit Court of Yazoo County is reinstated and affirmed.
¶ 32. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED AND THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY IS REINSTATED AND AFFIRMED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. See Brooks v. Roberts, 882 So.2d 229, 233 (Miss.2004).

. Fulton also sued Pigg and the race track. The jury found Pigg 100% at fault.

. Fulton v. Miss. Farm Bureau Cas. Ins. Co., 105 So.3d 331, 334-36 (Miss.Ct.App.2011).

. Fowler v. White, 85 So.3d 287, 292 (Miss.2012) (citing City of Jackson v. Internal Engine Parts Group, Inc., 903 So.2d 60, 66 (Miss.2005)).

. Miss. Power & Light Co. v. Cook, 832 So.2d 474, 486 (Miss.2002).

. M.R.C.P. 59(e).

. Bruce v. Bruce, 587 So.2d 898, 903 (Miss.1991) (quoting Buchanan v. Stanships, 485 U.S. 265, 267, 108 S.Ct. 1130, 1131, 99 L.Ed.2d 289, 293 (1988)).

. Brooks v. Roberts, 882 So.2d 229 (Miss.2004).

. Cook, 832 So.2d at 486 (citing Aetna Cas. and Sur. Co. v. Steele, 373 So.2d 797, 801 (Miss.1979)). See also Willard v. Paracelsus Health Care Corp., 681 So.2d 539, 544 (Miss.1996); Stokes v. Bd. of Directors of La Cav Imp. Co., 654 So.2d 524, 529 (Miss.1995); Century 21 Deep South Properties, Ltd. v. Corson, 612 So.2d 359 (Miss.1992); and Cent. Bank of Miss. v. Butler, 517 So.2d 507, 512 (Miss.1987).

. Miss.Code Ann. § 9-1-41 (Rev.2002); Cook, 832 So.2d at 487.

. Cook, 832 So.2d at 488.

. Bruce, 587 So.2d at 903 (citing Buchanan, 485 U.S. at 267-68, 108 S.Ct. 1130).

. See, e.g., Bruce, 587 So.2d at 903 (post-judgment fees authorized in divorce action based upon established precedent and financial need of spouse); Cruse v. Nunley, 699 So.2d 941 (Miss.1997) (42 U.S.C. § 1988 authorized fees); Buchanan, 485 U.S. at 267-68, 108 S.Ct. 1130 (42 U.S.C. § 1988 authorized fees); White v. New Hampshire Dep’t of Employment Sec., 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (42 U.S.C. § 1988 authorized fees); Knighton v. Watkins, 616 F.2d 795 (5th Cir.1980) (42 U.S.C. § 1988 authorized fees).

. Universal Life Ins. Co. v. Veasley, 610 So.2d 290 (Miss.1992).

. Id. at 295; Lisanby, 47 So.3d at 1178 (quoting United Amer. Ins. Co. v. Merrill, 978 So.2d 613, 627 (Miss.2007)) ([P]laintiff’s burden in proving a claim for bad faith refusal goes beyond proving mere negligence....”).

. Farm Bureau did not appeal the jury’s $10,000 award of extracontractual damages (although Farm Bureau did object to the jury instruction). It contends that, had it appealed, the award would have been reversed under USAA v. Lisanby, 47 So.3d 1172, 1178 (Miss.2010) (''Extracontractual damages, such as awards for ... attorney’s fees are not warranted where the insurer can show an arguable, good-faith basis for denial of a claim.... [Pjlaintiff’s burden in proving a claim for bad faith refusal goes beyond proving mere negligence ....”) (internal citations omitted). However, that issue is not before this Court.

. Windmon v. Marshall, 926 So.2d 867, 874 n. 2 (Miss.2006) (“Extracontractual damages include reasonable attorney fees, court costs, and other economic damages.”) (Court denied attorney fees on the basis that there was no independent tort.)

. Veasley, 610 So.2d at 295.

. Id.

. Id.

. Willard, 681 So.2d at 544.

. Fulton, 105 So.3d at 333.

. Id. In drawing this comparison, the Court of Appeals relied on Mississippi Power & Light Co. v. Cook, 832 So.2d 474 (Miss.2002). In Cook, however, the jury awarded the plaintiff $5,000,000 in punitive damages, creating an independent basis for attorney’s fees.

. Fulton, 105 So.3d at 340 (Carlton, J., dissenting).

. Stewart v. Gulf Guar. Life Ins. Co., 846 So.2d 192, 201 (Miss.2002) (Court explained that, without a finding, the court cannot assume the jury found conduct rising to the level of an intentional tort, amounting to gross negligence or recklessness, thus warranting extracontractual damages.)

. Cf. Veasley, 610 So.2d at 295.

. Willard, 681 So.2d at 544.

. Veasley, 610 So.2d at 295; see Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 8:2 (Rev.2001) ("In [Veasley], ... the court held that attorney's fees were proper even though punitive damages were not, because attorneys' fees were a foreseeable consequence of the negligence of the company's employee in failing to pay a valid claim.")

. Veasley, 610 So.2d at 294-95.

. Id. at 294-95.

. Id.

. Although, in this case, the jury did not award punitive damages, and in Veasley, the Court reversed the jury's award of punitive damages, the result is the same.