ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. This appeal stems from the dismissal of Mark S. Bounds Realty Partners, Inc.’s (Bounds) complaint in the Chancery Court of Madison County for lack of subject-matter jurisdiction and the subsequent award of attorney’s fees to Melanie Lawrence. Aggrieved by the chancellor’s award of attorney’s fees, Bounds argues that such an award was improper and unwarranted. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. After several years of employment with Bounds, Lawrence decided to take another position in the real-estate industry and left Bound’s employment in October 2007. Soon after, a dispute arose between the parties; and in July 2008, Lawrence, through her attorney, mailed Bounds a letter explaining that unless they could reach an agreement regarding the monies Lawrence felt she was owed, she would file a complaint in the County Court of Madison County within the following week alleging, among other causes of action, breach of contract. Lawrence attached a draft of the complaint to the letter. After receiving the letter and draft complaint, Bounds’s attorney contacted Lawrence’s attorney and discovered the exact day she planned on filing her complaint. Approximately a week passed without further contact between the parties.
 

 ¶ 3. In response to the letter, which Bounds viewed as hostile, Bounds filed a complaint in the Chancery Court of Madison County on the same day, Lawrence planned on filing her complaint in county court seeking a declaratory judgment and claiming, among other causes of action, breach of an employment contract. That same day Lawrence filed her complaint in the County Court of Madison County. Service of process in the county court matter was subsequently completed on Bounds soon after the complaint was filed. However, service of process on Lawrence in the chancery matter was not completed until approximately a month-and-a-half after Bounds’s complaint was filed.
 

 ¶4. Prior to successfully serving Lawrence in the chancery matter, Bounds filed a motion to dismiss in the county court in which it argued that it was first to file in the chancery court, and as such, jurisdiction attached to the chancery court. In the motion to dismiss, Bounds requested that the county court action be dismissed or, in the alternative, transferred and consolidated with the chancery court action. Lawrence responded that the chancery court did not have subject-matter jurisdiction over the parties’ claims. Regardless, Bounds’s motion was never set for a hearing and was essentially abandoned. Soon after, Bounds effectuated service of process on Lawrence through Constable Matt Shackleford. Bounds stated that utilizing Constable Shackleford was necessary as Lawrence had, according to Bounds, failed to accept service on thirteen different occasions. However, Lawrence claimed that there was nothing indicating service had been attempted thirteen times as the return service showed only one attempt. Additionally, Lawrence claimed that Constable Shackleford: entered her home without a warrant or permission, pushed his way past her minor child, handcuffed her, and only identified himself approximately fifteen to twenty minutes after entering her home. Bounds argued that Constable Shackleford’s account was that Lawrence became belligerent during his attempt to serve process, and he was forced to handcuff her.
 

 
 *1227
 
 ¶ 5. Lawrence subsequently filed a motion to dismiss in the chancery court claiming that the chancery court did not have subject-matter jurisdiction over the parties’ claims. She also requested attorney’s fees resulting from Bounds’s chancery court action. A hearing on the matter occurred on December 3, 2008. At the conclusion of the hearing, the chancellor found that the primary matters raised by Bounds were those of law and that the chancery court did not have subject-matter jurisdiction to hear them. Bounds’s causes of action were subsequently transferred to the county court. Additionally, the chancellor awarded Lawrence attorney’s fees in the amount of $l,250.
 
 [1]
 
 Bounds timely appealed the chancellor’s award of attorney’s fees.
 

 ¶ 6. Finding no error, we affirm.
 

 DISCUSSION
 

 ¶ 7. In awarding attorney’s fees, the chancellor failed to make any findings in support of the award. Bounds argues that because of the lack of on-the-record findings, this Court’s standard of review is de novo. Lawrence disagrees and argues that our standard of review is abuse of discretion.
 

 ¶ 8. The typical standard of review of an award of attorney’s fees is abuse of discretion.
 
 Bailey v. Estate of Kemp,
 
 955 So.2d 777, 787 (¶ 41) (Miss.2007). Further, it is well settled that this Court will not reverse a chancellor’s findings of fact “unless they are manifestly wrong, not supported by substantial credible evidence, or an erroneous legal standard was applied.”
 
 Columbia Land Dev., LLC v. Sec’y of State,
 
 868 So.2d 1006, 1011 (¶ 14) (Miss.2004). Although findings of fact would have been helpful to this Court in resolving this appeal, explicit findings of fact are not always required from a chancellor when the underlying case is not significantly complex.
 
 See
 
 M.R.C.P. 52(a); UCCR 4.01;
 
 Tricon Metals & Servs., Inc. v. Topp,
 
 516 So.2d 236, 239 (Miss.1987) (stating “in cases of any significant complexity the word ‘may’ in Rule 52(a) [of the Mississippi Rules of Civil Procedure] should be construed to read ‘generally should’ ”). When such is the case and the chancellor has failed to make explicit findings of fact, “this Court proceeds upon the ‘assumption that the chancellor resolved all such fact issues in favor of [the] appellee’ ... or as a minimum, in a manner which would be in line with the decree.”
 
 Love v. Barnett,
 
 611 So.2d 205, 207 (Miss.1992) (quoting
 
 Tedford v. Dempsey,
 
 437 So.2d 410, 417 (Miss.1983)). Therefore, as neither party requested findings of fact from the chancellor pursuant to Rule 52(a) of the Mississippi Rules of Civil Procedure, and this case is not one of significant complexity, we will review the chancellor’s order under an abuse-of-discretion standard.
 

 ¶ 9. At the conclusion of the hearing, the chancellor granted Lawrence’s motion to dismiss for lack of subject-matter jurisdiction and transferred Bounds’s causes of action to the county court. Additionally, the chancellor awarded attorney’s fees by stating nothing more than: “I’m awarding attorney’s fees in the amount of $1,250.” Bounds argues that there was no basis or authority for the chancellor to award attorney’s fees to Lawrence. Bounds claims that a trial court can only award attorney’s fees when they are awarded in connection with a relevant contractual provision, a statute, or where punitive damages are appropriate. Bounds suggests that none of those three conditions were present before the chancellor.
 

 
 *1228
 
 ¶ 10. Bounds is correct in stating what has long since been the law in regard to an award of attorney’s fees
 
 awarded in connection with trying a lawsuit.
 
 Mississippi courts follow what has been deemed “the American rule [which provides] that when there is no contractual provision or statutory authority providing for attorney’s fees, they may not be awarded as damages unless punitive damages are proper as well.”
 
 Willard v. Paracelsus Health Care Corp.,
 
 681 So.2d 539, 544 (Miss.1996). However, the supreme court has made clear that adherence to the American rule is “concerned solely with attorney’s fees being allowable as part of the costs of a lawsuit.”
 
 Grisham v. Hinton,
 
 490 So.2d 1201, 1206 (Miss.1986). Indeed, a court’s authority to award attorney’s fees based upon a party’s or an attorney’s
 
 conduct
 
 is not only statutory, complying with the American rule, but also found in the Mississippi Rules of Civil Procedure and Mississippi Rules of Appellate Procedure.
 
 See generally
 
 Miss.Code Ann. §§ 11-55-1 to -15 (Rev.2002); M.R.C.P 11(b); 26 cmt.; 37; M.R.A.P 34(g).
 

 ¶ 11. The Litigation Accountability Act of 1988 (the Act) is one such avenue by which attorney’s fees may be awarded. The Act allows a court to award attorney’s fees in a civil action if it “finds that an attorney or party brought an action ... that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct.... ” Miss.Code Ann. § 11-55-5(1) (Rev.2002). Similarly, Rule 11(b) of the Mississippi Rules of Civil Procedure allows a court to award attorney’s fees if it finds that a “party files a motion or pleading which ... is frivolous or is filed for the purpose of harassment or delay.” Both section 11-55-5 and Rule 11(b) are augmented by Mississippi Code Annotated section 11-55-7 (Rev.2002), which requires a trial court to make certain findings in connection with an award of attorney’s fees under either the statute or rule.
 
 Stevens v. Lake,
 
 615 So.2d 1177, 1184 (Miss.1993). However, as noted above, the supreme court has held that in the context of attorney’s fees awarded pursuant to Rule 11(b), it “will assume that the judge made determinations of fact sufficient to support its [sic] ruling where no specific finding has been made” even when no finding in support of the award was explicitly made.
 
 Eatman v. City of Moss Point,
 
 809 So.2d 591, 593 (¶ 8) (Miss.2000). Therefore, as the supreme court has held that the findings required by section 11-55-7 apply to both Rule 11(b) and section 11-55-5, we will proceed under
 
 Eatman
 
 with an assumption that the chancellor made findings of fact sufficient to support the award of attorney’s fees.
 

 ¶ 12. The Act defines a claim brought “without substantial justification” to be one that is “frivolous, groundless in fact or in law, or vexatious, as determined by the court.” Miss.Code Ann. § 11-55-3(a) (Rev.2002). An appellate court uses the same test to determine whether a filing is frivolous under both the Act and Rule 11.
 
 Leaf River Forest Prods., Inc. v. Deakle,
 
 661 So.2d 188, 197 (Miss.1995). A claim is frivolous when “objectively speaking, the pleader or movant has no hope of success.”
 
 Id.
 
 at 195. That is, “(this Court’s) inquiry is an objective one to be exercised from the vantage point of a reasonable party in (the litigant’s) position as it filed and pursued its claim.”
 
 Roussel v. Hutton,
 
 638 So.2d 1305, 1317 (Miss.1994) (quoting
 
 Tricon Metals & Services, Inc. v. Topp,
 
 537 So.2d 1331, 1335 (Miss.1989)).
 

 
 *1229
 
 ¶ 13. Given the test that must be employed, the question before the chancery court was objectively speaking would a reasonable litigant in Bounds’s position have any hope of success of winning his case by filing his complaint
 
 in chancery court.
 
 Furthermore, as applied to our standard of review, this Court must ask is a negative answer to the chancery-court’s test manifestly wrong or not supported by substantial credible evidence. Bounds’s stated purpose for filing his complaint in the chancery court was to avoid a jury trial. Such a tactic, i.e. attempting to gain priority jurisdiction, is not prohibited provided that the pleading is correctly filed, although the manner in which this particular “race to the courthouse,” albeit the wrong one, is suspect. Therefore, we must examine the causes of action raised in Bounds’s complaint to determine if it had any hope of success
 
 in chancery court.
 

 ¶ 14. In general, circuit courts are courts of law, and chancery courts are courts of equity.
 
 See
 
 Miss. Const. art. 6, § 159; Miss. Const, art. 6, § 156. Furthermore, while circuit courts have general jurisdiction, chancery courts are courts of limited jurisdiction.
 
 IP Timberlands Operating Co. v. Denmiss Corp.,
 
 726 So.2d 96, 112 (¶ 72) (Miss.1998). We look to “the nature of the controversy and the relief sought, assuming the allegations in the well-pleaded complaint are true[,]” to determine where subject-matter jurisdiction properly lies.
 
 Choctaw, Inc. v. Campbell-Cherry-Harrison-Davis and Dove,
 
 965 So.2d 1041, 1049 (¶ 20) (Miss.2007) (quoting
 
 Collins v. State,
 
 594 So.2d 29, 32 (Miss.1992)). If an independent basis for equity jurisdiction exists, chancery courts can hear and adjudicate law claims.
 
 Re/Max Real Estate Partners, Inc. v. Lindsley,
 
 840 So.2d 709, 712 (¶ 13) (Miss.2003). However, “in cases in which some doubt exists as to whether a complaint is legal or equitable in nature, the better practice is to try the case in circuit court.” S.
 
 Leisure Homes, Inc. v. Hardin,
 
 742 So.2d 1088, 1090 (¶ 6) (Miss.1999).
 

 ¶ 15. Bounds’s complaint sought a declaratory judgment that no oral contract existed between the parties and also alleged the following: libel and slander alleging that Lawrence injured Bounds’s reputation and good will when she held herself out to be a “property manager,” even though she was not one; fraudulent concealment and misrepresentation also stemming from Lawrence allegedly holding herself out to be a property manager; breach of contract alleging that Lawrence breached her employment contract by engaging in a personal business using company resources and time; and unjust enrichment stemming from compensation received by Lawrence while she was allegedly engaged in personal business at the workplace. Finally, Bounds requested compensatory damages in the amount of $100,000.
 

 ¶ 16. As both parties recognize, seeking a declaratory judgment under Rule 57 of the Mississippi Rules of Civil Procedure is a jurisdictionally neutral claim and is dependent on the underlying claim for a determination of which court properly has subject-matter jurisdiction.
 
 Issaquena Warren Counties Land Co. v. Warren County,
 
 996 So.2d 747, 750 (¶ 9) (Miss.2008). Unjust enrichment is an equity claim “that one receiving money paid to him by mistake should not be allowed to enrich himself at the expense of the party who paid the money to him by retaining it, but in equity and good conscience should refund it.”
 
 Union Nat’l Life Ins. Co. v. Crosby,
 
 870 So.2d 1175, 1180 (¶ 14) (Miss.2004) (quoting
 
 Mason v. S. Mortgage Co.,
 
 828 So.2d 735, 739 (¶ 18) (Miss.2002)). However, in its complaint, Bounds ties its claim of unjust enrichment to its breach-
 
 *1230
 
 of-contract claim. Circuit courts generally have exclusive jurisdiction over breach-of-contract claims that request damages, which are a legal remedy.
 
 Derr Plantation, Inc. v. Swarek,
 
 14 So.3d 711, 717 (¶ 13) (Miss.2009). Similarly, Bounds’s remaining claims, namely libel, slander, fraudulent concealment, and misrepresentation, request solely a legal remedy. Therefore, those causes of action raised by Bounds should have been raised in a court of law rather than one of equity.
 

 ¶ 17. Furthermore, it appears as if either the concept of a chancery court’s subject-matter jurisdiction was lost on Bounds’s attorney, or he proceeded to file in the chancery court with knowledge that the court lacked subject-matter jurisdiction over the claims presented. In its complaint, Bounds alleged that venue and subject-matter jurisdiction were proper in the chancery court because “the causes of action asserted by Plaintiff herein occurred and accrued in whole or in part in Madison County, Mississippi.” While this statement, when taken as true, would readily establish that venue was appropriate in the Circuit Court of Madison County, see Mississippi Code Annotated section 11 — 11—3(l)(a.)(i) (Rev.2004), it does nothing in the way of establishing either venue or subject-matter jurisdiction in the Chancery Court of Madison County.
 

 ¶ 18. Lastly, had Bounds believed that its complaint raised claims of equity and filed its complaint in chancery court with only the intent to avoid a jury trial, rather than harassment or some other form of judicial delay, such an agenda could have easily been argued in county court. Mississippi Code Annotated section 9-9-21(1) (Supp.2009) provides that the jurisdiction of the county courts is concurrent with that of chancery courts so long as the amount in controversy does not exceed $200,000. Had Bounds convinced the county court judge that its complaint was one of equity, its claims could have been heard by the judge alone in county court rather than a jury. Given the set of facts before the chancellor, we find that there is sufficient evidence in the record to support the chancellor’s implied finding(s) that: Bounds’s complaint had no hope of success in
 
 chancery court;
 
 it unnecessarily expanded the proceedings of Lawrence’s dispute with Bounds; and/or it was interposed for delay or harassment. Therefore, we affirm the chancellor’s award of attorney’s fees.
 

 ¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The record shows that the total amount of the attorney’s fees Lawrence incurred as a result of the chancery court action was $2,347.