ROBERTS, J.,
for the Court:
¶ 1. On April 6, 2010, Charles Benson filed an “Objection to the Reclassification of Sixteenth Section Land and for Determination of Lease” against the Neshoba County School District (NCSD) and Delbert Hosemann in his official capacity as *1191 Secretary of State for the State of Mississippi. Both the NCSD and the Secretary of State’s Office filed separate motions to dismiss in May 2010. After a hearing on the issues, the chancellor found in favor of the NCSD and Secretary of State and dismissed Benson’s objection. Benson now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. John S. Benson, Benson’s father, entered into a lease for sixteenth section land on March 4, 1984, for twenty-five years with an annual rent of $5.00 per acre. The property was described in the lease as “W 1/2 of NW 1/4 Less 3 acres for the Church and Less all public road right-of-way, being 71 acres, Section 16, Township 11, Range 11, Neshoba County, Mississippi.” The property was originally classified as farm-residential land under Mississippi Code Annotated section 29-3-33(f) (Rev.2010). The property was leased to John until his death in 1991, at which time his interest in the lease transferred to his heirs, including his son, Benson. Benson’s mother continued residing on the land; however, she died in 2001, and no one resided on the property thereafter.[1] The lease expired on March 4, 2009.
¶ 3. Benson claims that before the lease expired, he made attempts to re-lease the property, but the terms of the lease could not be agreed upon by the parties. After the lease’s expiration, the NCSD published its intent to reclassify the property from farm-residential to forest land. Benson filed his suit objecting to the reclassification in the Neshoba County Chancery Court. Benson objected to the reclassification because the NCSD did not seek reclassification within one year prior to the expiration of the lease as required by statute, and because the NCSD was attempting to improperly classify the property. Benson also requested the chancery court require the NCSD to hire an independent appraiser to determine the fair market rental value of the property.
¶4. In response to Benson’s objection, the NCSD filed a motion to dismiss on May 26, 2010, asserting that the chancery court lacked subject-matter jurisdiction to grant Benson’s requests for relief that were “outside the scope of an objection to classification.” The NCSD’s motion to dismiss also claimed that Benson had failed to state a claim upon which relief can be granted because the chancery court “cannot force a contractual meeting of the minds in a failed lease negotiation.” In a separate motion to dismiss filed on May 27, 2010, the Secretary of State made a similar argument to the one advanced by the NCSD. The Secretary of State’s Office attached a thorough memorandum to support its motion to dismiss.
¶ 5. The chancellor set a hearing on the motions to dismiss for December 8, 2010, where he heard from the NCSD, the Secretary of State’s Office, and Benson. At the hearing, Benson testified that he obtained two appraisals of the property: one for thirteen dollars per acre and the second for fifteen dollars per acre. The Secretary of State’s Office rejected both appraisals as too low. Benson further testified that although he agreed that the property needed to be reclassified from farm-residential, he disagreed that the property should be reclassified to forestry. He claimed the property should be classified as recreational. The Secretary of State and the NCSD argued that the chancery court did not have jurisdiction to hear Benson’s argu *1192 ment because an objection to a classification is only properly heard to determine whether the reclassification would produce a maximum of revenue. Therefore, they argued, the chancery court did not have the jurisdiction to require the NCSD to hire an independent appraiser to determine fair market rental value, nor did it have jurisdiction to hold hearings to determine the fair market rental value of the land and the proper classification of the land. In addition, the ap-pellees provided evidence through the affidavits of Mike Ainsworth, Neshoba County School District Sixteenth Section Manager, and Jim Loome, a forestry ad-visor to the Secretary of State’s Office, to show that forest land in the area was averaging around sixty to seventy dollars per acre, as opposed to fifteen dollars per acre as Benson’s appraisal suggested.
¶ 6. Based on the evidence and testimony presented, the chancellor granted the motions to dismiss, finding that the NCSD should proceed with the reclassification process of the property. The chancellor further stated that “any objection to reclassification may only seek to show that the final classification determined by the [NCSD] is not the highest and best use of land that would maximize value received by the school children of Neshoba County.”
¶ 7. Challenging the chancellor’s decision to grant the motions to dismiss, Benson appeals raising the following issues, which we quote:
I.Does the Neshoba County Chancery Court have jurisdiction through an objection to reclassification to enforce ... [Mississippi Code Annotated] [section 29-3-89 [ (Rev.2010) ], which requires one[-]year notice to [sixteenth section leaseholders before reclassification by a school board?
II. Does the Neshoba County Chancery Court have jurisdiction to conduct a hearing to determine the appropriate classification of [s]ix-teenth [s]eetion land as defined by ... [Mississippi Code Annotated] section 29 — 3—33[,] even if such reclassification does not maximize revenue for the Neshoba County School District?
III. Does the Neshoba County Chancery Court have jurisdiction through an objection to reclassification to enforce ... [Mississippi Code Annotated] sections 29-3-63(2) and 29-3-65 [(Rev.2010)], which provide that, before reclassification and renewal of leases, the Neshoba County School District shall hire a competent appraiser to determine fair market rental value of sixteenth section land?
IV. Does the Neshoba County Chancery Court have jurisdiction through an objection to reclassification to conduct a hearing on the fair market rental value of sixteenth section land based on an appraisal of the fair market rental value of sixteenth section land?
STANDARD OF REVIEW
¶ 8. This Court employs a de novo standard of review when reviewing a lower court’s grant or denial of a motion to dismiss.[2] Smith v. City of Saltillo, 44 *1193 So.3d 438, 440 (¶ 5) (Miss.Ct.App.2010) (quoting Spencer v. State, 880 So.2d 1044, 1045 (¶ 6) (Miss.2004)). Additionally, a determination of whether a chancery court has jurisdiction also receives a de novo review. In re Adoption of D.N.T., 843 So.2d 690, 697 (¶ 12) (citing Burch v. Land Partners, L.P., 784 So.2d 925, 927 (¶ 7) (Miss.2001)).
ANALYSIS
I. Chancery Court Jurisdiction
¶ 9. Benson requests this Court to determine whether the chancery court has jurisdiction to enforce a provision in Mississippi Code Annotated section 29-3-39 requiring all sixteenth section land be classified or reclassified within one year prior to the expiration of a lease. Section 29-3-39 also provides that “[i]t shall be the duty of the board of education to survey periodically the classification of all sixteenth section land under its jurisdiction and to reclassify said land as it may deem advisable because of changes of conditions.... ” Benson argues that the burden fell on the NCSD to reclassify the property within one year prior to the expiration of his lease, and they failed to do so. Further, he argues he should be granted an extension of the lease with the same terms as the expired lease until reclassification and a determination of fair market rental value are completed.
¶ 10. Prior to the expiration of Benson’s lease, there were attempts made to renegotiate the lease. Benson hired two appraisers, who valued the land between $13 and $15 per acre. These amounts were rejected because the NCSD and Secretary of State’s Office found that by having the property classified as forest land and leasing hunting rights, the property could be worth approximately $60-$70 per acre. Benson does not dispute that the land’s current classification of farm-residential is incorrect; he acknowledges that reclassification of the land is necessary. Benson submits the land should be classified as recreational and the lease would bring around $13-$15 per acre. The NCSD and Secretary of State’s Office sought classification of the land as forest land. At the hearing, they submitted an affidavit from Loome, forestry advisory to the Mississippi Secretary of State’s Office, stating: “Based upon my analysis, $75 per acre per year is achievable by the Neshoba County School District for land classified as forest land by planting and growing managed pine plantations on a 35[-]year rotation.” Loome further submitted that the NCSD was averaging $6.82 per acre per year for hunting and fishing leases with the average for all Mississippi sixteenth section land being $10.68 per acre per year for hunting and fishing rights.
¶ 11. As Section 29-3-39 states, it is the duty of the board of education to survey sixteenth section land and reclassify the land if there are changes of conditions in the use or nature of the land. The NCSD is the trustee of the sixteenth section land located in its jurisdiction and is responsible for any reclassification of the sixteenth section land there. As trustee of the land, the NCSD does not have “authority to lease real property held in trust for substantially less than the fair value thereof.” Hill v. Thompson, 564 So.2d 1, 9 (Miss.1989) (citing Tally v. Bd. of Supervisors of Smith County, 323 So.2d 547, 550 (Miss.1975)). Additionally, the Mississippi Supreme Court has found that “any changes of conditions which would justify a reclassification must be changes that would require a reclassification to a more suitable use [in] order to produce a maximum of revenue.” Tally v. Carter, 318 So.2d 835, 839 (Miss.1975). The supreme court continued by saying “[t]he judicial review by the chancery court of the action *1194 of the Land Commissioner in reclassifying [sixteenth section] lands is limited to a determination of whether or not the reclassification is required in order to produce a maximum of revenue.” Id. (emphasis added). In this case, we do not see the relevance of requiring reclassification within one year of the lease’s expiration when the statute also requires school boards to periodically reclassify lands as necessary. It is undisputed that reclassification is necessary in this case as the land is not being used as a residence. Benson did not provide any evidence that the NCSD’s proposed reclassification of the land to forest land would not maximize revenue; instead, he merely objected to the reclassification because it was not the classification he would prefer. As prior leaseholder, Benson does have the right to re-lease the property “as may be agreed upon between the holder of the lease and board of education subject to the classification of said land.” Miss.Code. Ann. § 29-3-63(1) (Rev.2006). However, neither this Court nor the chancery court have jurisdiction to force either Benson or the NCSD to enter into a lease that they do not agree to or that does not maximize revenue.
¶ 12. We affirm the chancery court’s decision to grant the motion to dismiss on the ground that its jurisdiction was limited to determining whether the NCSD’s reclassification produced the maximum revenue. Therefore, we do not address the remaining issues of hiring a competent appraiser and determining fair market value, as the reclassification process had not been completed at the time of the suit nor by the time of this appeal.
¶ 13. THE JUDGMENT OF THE NESHOBA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. Benson testified that his mother only lived there for approximately five years after John’s death in 1991 and that no one resided on the land after that time.

. We note that during the hearing on the defendants' motions to dismiss, all parties presented evidence. The Secretary of State’s Office provided two affidavits, and Benson testified on his own behalf. The parties do not raise any claim that the chancellor improperly converted the Mississippi Rule of Civil Procedure 12(b)(6) motion to a Mississippi Rule of Civil Procedure 56 motion.