# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00256-COA

CYNTHIA KULJIS                                                                    APPELLANT

v.

WINN-DIXIE MONTGOMERY, LLC                                        APPELLEE

DATE OF JUDGMENT:               02/06/2015
TRIAL JUDGE:                          HON. CARTER O. BISE
COURT FROM WHICH APPEALED:   HARRISON COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:      JAMES KENNETH WETZEL
                                            GARNER JAMES WETZEL
ATTORNEYS FOR APPELLEE:       DAVID W. STEWART
                                            BRIAN CHRISTOPHER WHITMAN
NATURE OF THE CASE:              CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:        GRANTED APPELLEE'S MOTION TO
                                            DISMISS
DISPOSITION:                          AFFIRMED - 03/29/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.

### ISHEE, J., FOR THE COURT:

¶1.     On July 27, 2013, Cynthia Kuljis fell while visiting a Winn Dixie Montgomery LLC store in D'Iberville, Mississippi. She filed a complaint for discovery in the Harrison County Chancery Court on June 4, 2014. Winn Dixie filed a motion to dismiss the complaint, which was granted by the chancery court. Aggrieved, Kuljis appeals. Finding no error, we affirm.

### FACTS

¶2.     The facts are not disputed in this case. While Kuljis was a patron at a Winn Dixie store on July 27, 2013, she tripped over a piece of protruding rubber, which was intended to

hold down the carpet. Kuljis claims that she suffered permanent injuries as a result of the fall.

¶3. On June 4, 2014, Kuljis filed a complaint for discovery in the chancery court. In the complaint for discovery, Kuljis requested that Winn Dixie produce incident reports, photographs, video surveillance, investigation reports, work orders, witness statements of the incident in question, and all other information that may have been in its possession pursuant to Mississippi Rule of Civil Procedure 34. Winn Dixie filed a motion to dismiss, which was granted by the chancery court. Kuljis then filed the instant appeal asking this Court to reverse the chancery court's ruling and remand it for further proceedings.

## STANDARD OF REVIEW

¶4. When reviewing a chancery court's decision to deny a motion to dismiss, this Court employs a de novo standard of review. *Benson v. Neshoba Cty. Sch. Dist.*, 102 So. 3d 1190, 1192 (¶8) (Miss. Ct. App. 2012) (citation omitted). "Additionally, a determination of whether a chancery court has jurisdiction also receives a de novo review." *Id.* (citation omitted).

## DISCUSSION

¶5. Kuljis argues that the chancery court erred in granting Winn Dixie's motion to dismiss. Kuljis asserts that the bill of discovery was properly filed in the chancery court in order to further a reasonable investigation prior to filing a lawsuit against Winn Dixie. Winn Dixie, on the other hand, claims that this is a personal-injury matter, which is beyond the scope of the chancery court's jurisdiction.

¶6. Generally, "circuit courts are courts of law, and chancery courts are courts of equity." *Mark S. Bounds Realty Partners Inc. v. Lawrence*, 34 So. 3d 1224, 1229 (¶14) (Miss. Ct. App. 2010). "[W]hile circuit courts have general jurisdiction, chancery courts are courts of limited jurisdiction." *Id.* (citing *IP Timberlands Operating Co. v. Denmiss Corp.*, 726 So. 2d 96, 112 (¶72) (Miss. 1998)). The Mississippi Constitution confers full jurisdiction to the chancery court in the following matters:

> (a) All matters in equity; (b) Divorce and alimony; (c) Matters testamentary and of administration; (d) Minor's business; (e) Cases of idiocy, lunacy, and persons of unsound mind; (f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

Miss. Const. art. 6, § 159.

¶7. Upon determining whether a chancery court has jurisdiction, the Mississippi Supreme Court has "consistently advised our trial courts that one must look at the substance, and not the form, of a claim to determine whether the claim is legal or equitable." *Copiah Med. Assocs. v. Miss. Baptist Health Sys.*, 898 So. 2d 656, 661 (¶16) (Miss. 2005) (citations omitted). The supreme court has held that "if some doubt exists as to whether a complaint is legal or equitable in nature, that case is better tried in circuit court." *Burnette v. Hartford Underwriters Ins.*, 770 So. 2d 948, 952 (¶14) (Miss. 2000) (citation omitted). In fact, "it is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction." *Id.* (citation omitted).

¶8. The chancery court agreed that it is not precluded from granting substantive relief through a complaint for discovery. However, the chancery court held that in order to do so,

3

Kuljis was required to prove that the information she was seeking could not be obtained by other methods and it was "not within the reasonable reach of [Kuljis] to obtain the information without the aid of the discovery demanded." (citing V.A. Griffith, *Mississippi Chancery Practice* § 429, at 424 (2d ed. 1950)).

¶9.     Upon reviewing the arguments of both parties, we find that the chancery court was correct in dismissing Kuljis's complaint for discovery. This is a negligence claim that should have been brought in the circuit court instead of the chancery court. Accordingly, we affirm the ruling of the chancery court.

¶10.     **THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING, P.J., BARNES, CARLTON AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. FAIR, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., GRIFFIS, P.J., AND GREENLEE, J.; JAMES, J., JOINS IN PART.**

**JAMES, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶11.     I agree with the majority's opinion that Kuljis's complaint appears to be a negligence claim that should have been brought in circuit court instead of chancery court. However, I agree with the dissent's opinion that a Bill/Complaint for Discovery remains a viable cause of action within the jurisdiction of the chancery court. As a result, I would find that the more proper course would have been for the chancery court to transfer the case to circuit court rather than dismissing the case. Upon transfer, Kuljis would then proceed under Mississippi Code Annotated section 11-1-39 (Rev. 2014) by filing a reformed complaint in circuit court, and the case would proceed as if it had originally begun in circuit court.

4

¶12.    Article 6, Section 162 of the Mississippi Constitution provides that "[a]ll causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." The Mississippi Supreme Court has held that "[i]f any doubts were to arise as to the jurisdiction of the chancery court, those doubts should be decided in favor of transfer to circuit court for a trial by jury." *U.S. Fid. & Guar. Co. v. Estate of Francis ex rel. Francis*, 825 So. 2d 38, 45 (¶19) (Miss. 2002) (citing *S. Leisure Homes Inc. v. Hardin*, 742 So. 2d 1088, 1089-90 (¶3) (Miss. 1999)). When the chancery court determined that this case was a negligence claim that should have been filed in circuit court, it should have transferred the case to circuit court rather than dismissing the case. For these reasons, I would remand to the chancery court with instructions to transfer the case to circuit court.

**FAIR, J., DISSENTING:**

¶13.    In 1981 the Mississippi Rules of Civil Procedure were adopted by the Supreme Court of Mississippi, to become effective on January 1, 1982.

¶14.    Seven years later in *State Oil & Gas Board v. McGowan,* 542 So. 2d 244 (Miss. 1989), the supreme court was presented with the question of whether or not the Rules abolished the common law right to a "Bill of Discovery in Chancery."

¶15.    *McGowan* involved an administrative agency, which was found not to be subject to the Mississippi Rules of Civil Procedure, nor did it provide for discovery in its own rules. The supreme court found that, at least in such context, the common law Bill/Complaint for Discovery proceeding in chancery court was still available. It stated:

5

The bill of discovery is one of the ancient bills used in equity practice. Griffith, *Mississippi Chancery Practice*, 1925, § 427 p. 422. The Board argues that the bill is no longer available as a discovery devise in Mississippi practice as it was abolished or rendered obsolete by the Mississippi Rules of Civil Procedure effective January 1, 1982. This Court disagrees with this premise.

Griffith, *supra*, addresses the Bill of Discovery:

> But there is a distinct bill in chancery known, strictly speaking, as the bill of discovery, by the use of which disclosure may be required of material facts exclusively within the knowledge or possession of the defendant and which without such discovery no full and adequate proof of them could be made. It had its origin out of the common law rule that no party in interest was a competent witness in any case; and it began at an early date to be allowed in the court of chancery in order to relieve against what otherwise would have resulted in a denial of justice when it happened that the facts or the documents establishing a right or materially aiding therein rested in the exclusive possession or control of the opposite party; and, originally its office was simply to aid a pending suit at law or one about to be brought, and the chancery part of the proceedings were usually deemed as concluded upon the coming in of the full answer making the disclosures or producing the documents sought. In other words, the obtaining of the discovery was the sole object and end of the bill, no relief other than the discovery being prayed. It was therefore purely ancillary to a trial in some other case and ordinarily in some other forum.

*Id.* at pp. 422, 423.

Rule 82(a), M.R.C.P. makes clear that nothing in the rules alters the jurisdiction of any court, nor is the power of any court to grant substantive relief changed from what it was before the rules.

It is true that the nomenclature of the legal practice was changed by the abolition of the names of the old writs and procedural names. M.R.C.P. Rule 2. *See Dye v. State Ex Rel. Hale*, 507 So. 2d 332, 337 n.4 (Miss. 1987). As such, the terminology of a "Bill of Discovery" has been rendered obsolete, and procedurally it is referred to as a "complaint." However, the adoption of the rules affected procedure, not substance. *The power and authority of the Chancery Court to grant the substantive relief of "discovery" remains viable*

6

*and available although it has been broadened and simplified by M.R.C.P. 26-37.* The need for this substantive remedy is evident by this lawsuit.

¶16. In *Leaf River Forest Products Inc. v. Deakle*, 661 So. 2d 188 (Miss. 1995), the court relied heavily on *McGowan*, including the quotations above, in holding that the jurisdiction of a chancellor to grant a "Bill of Peace" also survived enactment of the Rules of Civil Procedure.

¶17. The more recent case of *Moore v. Bell Chevrolet-Pontiac-Buick-GMC LLC,* 864 So. 2d 939 (Miss. 2004), similarly dealt with a case involving discovery of information in the hands of an administrative agency, quoting *McGowan* with approval.

¶18. In the case before us, the chancellor dismissed a complaint for discovery on the basis that the information sought applied to a "slip and fall" tort action, more properly vested in the circuit court than in chancery. Kuljis asserts that the filing of a slip and fall tort suit to seek discovery, the allegation of which may or may not be supported by evidence such as video surveillance records and employee reports which Winn Dixie will not disclose, will expose him and his attorney to unnecessary costs and the possibility of a suit against them for wrongfully filing such a suit.

¶19. In this case we are directly presented with the issue of whether or not the jurisdiction of a pure discovery action, formerly called a "Bill of Discovery" and now a "Complaint for Discovery," remains a viable cause of action within the jurisdiction of the chancery court, whether or not a plaintiff seeks records of an administrative agency or records of a possible tortfeasor.

¶20. I would hold that *McGowan* controls. An action for discovery alone remains viable

for those who seek to determine whether or not they have a meritorious cause of action through a time-tested procedure and not one requiring accusations without foundation, motions and hearings, pretrial orders, and scheduling disputes. Therefore, I respectfully dissent.

**LEE, C.J., GRIFFIS, P.J., AND GREENLEE, J., JOIN THIS OPINION. JAMES, J., JOINS THIS OPINION IN PART.**