ISHEE, J., for the Court:
¶ 1. On July 27, 2013, Cynthia Kuljis fell while visiting a Winn Dixie Montgomery LLC store in D’Iberville, Mississippi. She filed a complaint for discovery in the Harrison County Chancery Court on June 4, 2014. Winn Dixie filed a motion to dismiss the complaint, which was granted by the chancery court. Aggrieved, Kuljis appeals. Finding no error, we affirm.
FACTS
¶ 2. The facts are not disputed in this case. While Kuljis was a patron at a Winn Dixie store on July 27, 2013, she tripped over a piece of protruding rubber, which was intended to hold down the carpet. Kuljis claims that she suffered permanent injuries as a result of the fall.
¶ 3. On June 4, 2014, Kuljis filed a complaint for discovery in the chancery court. In the complaint for discovery, Kuljis requested that Winn Dixie produce incident reports, photographs, video surveillance, investigation reports, work orders, witness *320 statements of the incident in question, and all other information that may have been in its possession pursuant to Mississippi Rule of Civil Procedure 34. Winn Dixie filed a motion to dismiss, which was granted by the chancery court. Kuljis then filed the instant appeal asking this Court to reverse the chancery court’s ruling and remand it for further proceedings.
STANDARD OF REVIEW
¶ 4. When reviewing a chancery court’s decision to deny a motion to dismiss, this Court employs a de novo standard of review. Benson v. Neshoba Cty. Sch. Dist., 102 So.3d 1190, 1192 (¶ 8) (Miss.Ct.App.2012) (citation omitted). “Additionally, a determination of whether a chancery court has jurisdiction also receives a de novo review.” Id. (citation omitted).
DISCUSSION
¶ 5. Kuljis argues that the chancery court erred in granting Winn Dixie’s motion to dismiss. Kuljis asserts that the bill of discovery was properly filed in the chancery court in order to further a reasonable investigation prior to filing a lawsuit against Winn Dixie. Winn Dixie, on the other hand, claims that this is a personal-injury matter, which is beyond the scope of the chancery court’s jurisdiction.
¶ 6. Generally, “circuit courts are courts of law, and chancery courts are courts of equity.” Mark S. Bounds Realty Partners, Inc. v. Lawrence, 34 So.3d 1224, 1229 (¶ 14) (Miss.Ct.App.2010). “[Wjhile circuit courts have general jurisdiction, chancery courts are courts of limited jurisdiction.” Id. (citing IP Timberlands Operating Co. v. Denmiss Corp., 726 So.2d 96, 112 (¶ 72) (Miss.1998)). The Mississippi Constitution confers full jurisdiction to the chancery court in the following matters:
(а) All matters in equity; (b) Divorce and alimony; (c) Matters testamentary and of administration; (d) Minor’s business; (e) Cases of idiocy, lunacy, and persons of unsound mind; (f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.
Miss. Const. art. 6, § 159.
¶ 7. Upon determining whether a chancery court has jurisdiction, the Mississippi Supreme Court has “consistently advised our trial courts that one must look at the substance, and not the form, of a claim to determine whether the claim is legal or equitable.” Copiah Med. Assocs. v. Miss. Baptist Health Sys., 898 So.2d 656, 661 (¶ 16) (Miss.2005) (citations omitted). The supreme court has held that “if some doubt exists as to whether a complaint is legal or equitable in nature, that case is better tried in circuit court.” Burnette v. Hartford Underwriters Ins., 770 So.2d 948, 952 (¶ 14) (Miss.2000) (citation omitted). In fact, “it is more appropriate for a circuit court to hear equity claims than it is for a chancery court to hear actions at law since circuit courts have general jurisdiction but chancery courts enjoy only limited jurisdiction.” Id. (citation omitted).
¶ 8. The chancery court agreed that it is not precluded from granting substantive relief through a complaint for discovery. However, the chancery court held that in order to do so, Kuljis was required to prove that the information she was seeking could not be obtained by other methods and it was “not within the reasonable reach of [Kuljis] to obtain the information without the aid of the discovery demanded.” (citing V.A. Griffith, Mississippi Chancery Practice § 429, at 424 (2d ed.1950)).
¶ 9. Upon reviewing the arguments of both parties, we find that the chancery court was correct in dismissing Kuljis’s *321 complaint for discovery. This is a negligence claim that should have been brought in the circuit court instead of the chancery court. Accordingly, we affirm the ruling of the chancery court.
1Í10. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING, P.J., BARNES, CARLTON AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. FAIR, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., GRIFFIS, P.J., AND GREENLEE, J.; JAMES, J., JOINS IN PART.