HAWKINS, Presiding Justice,
for the Court:
Cecilia Cox and Cathy Melsheimer appeal a judgment of an eminent domain court in Warren County dismissing as being time barred their complaint for attorneys’ fees and litigation costs against Warren County. Their complaint was initially filed in the chancery court of Warren County, but on the motion of the County, transferred to an eminent domain court. We find the appellants entitled to a hearing on their complaint, that the chancery court had pendent jurisdiction to hear it when the complaint was filed, and erred in transferring the cause to a court of eminent domain. We reverse and remand to the Warren County Chancery Court.
PACTS
On March 31, 1989, Cox and Melsheimer filed their complaint in the chancery court against the Board of Supervisors (Board) of Warren County to remove as a cloud upon their title a lis pendens notice theretofore filed by the County and of record on the official notice of lis pendens in the chancery clerk’s office, and for attorneys’ fees and other damages in having to defend a petition for eminent domain and proceedings thereon in a court of eminent domain in Warren County.
The complaint alleged that the plaintiffs over their protest were made defendants by the County in an eminent domain proceeding, and that they owed their attorney $42,000 and had other expenses such as appraisers. It was further alleged that after the eminent domain cause went to trial, plaintiffs were awarded $110,000 in damages by the jury. Rather than pay the judgment, the County “had the court of eminent domain enter an order dismissing its suit and that special court has now been adjourned.” The complaint prayed that all notices and liens placed on the property in the eminent domain action be cancelled as clouds on their title, and for their litigation costs.
The County moved for additional time to respond and the plaintiffs for judgment under Rule 12 or 56, and the chancery court by order dated April 27 gave the county board until May 15 to plead, and held plaintiff’s motion in abeyance.
On May 15 the Board filed a motion to dismiss under Rule 12(b) of the Mississippi Rules of Civil Procedure (MRCP), alleging the plaintiffs stated no claim, that the court lacked jurisdiction because they had a plain and adequate remedy at law under Miss. Code Ann. § 11-27-37 (Supp.1988), that the complaint, insofar as it sought to remove the lis pendens notice as a cloud upon their title was made solely for the purpose of “creating” jurisdiction in the chancery court, and that the County had on April 27, 1989, released the notice of Us pendens as a matter of public record. The Board further alleged that the eminent domain proceedings constituted no cloud because on March 10, 1989, there was an order of eminent domain court dismissing the County’s petition for eminent domain against plaintiffs’ property.
By order of June 9, the chancery court held that under Miss.Code Ann. § 11-27-37 (Supp.1988) jurisdiction was exclusively in the eminent domain court, that the pleadings should be amended to show the defendant as Warren County rather than the Board of Supervisors of that county, and thereupon ordered that the cause be “transferred in its entirety back to the Special Eminent Domain Court of Warren County, Mississippi, for further proceedings.” [1]
On June 13 the County filed a motion to dismiss the complaint in the special court of eminent domain of Warren County as being time barred under Miss.Code Ann. § 11-27-29(2) (Supp.1988).
On June 20 the judge of the special court of eminent domain dismissed the complaint as being time barred, because it was not filed within ten days from the March 10 order of dismissal.
Cox and Melsheimer have appealed.
*937 LAW
Miss.Code Ann. § 11-27-29 in effect in 1989, Ch. 335, § 8, Laws 1978, authorizes an appeal from a judgment of a special court of eminent domain to this Court upon giving notice “within ten days from the date of the judgment on final order entered by the Court.” The second paragraph of this section provides:
The term of a special court of eminent domain shall begin when the court is convened as provided by statute and shall continue for ten (10) days immediately following the entry and filing of a judgment or final order with the clerk of the court, and thereafter the court shall have jurisdiction to dispose of any post trial motions or proceedings filed within said ten (10) days. The jurisdiction of a special court of eminent domain shall expire upon the entry and filing with the clerk of a final judgment or order disposing of any post trial motions or proceedings.
Miss.Code Ann. § 11-27-37 in effect in 1989, Ch. 355, § 9, Laws 1978, provides:
In case the plaintiff shall fail to pay the damages and costs awarded the defendant within ninety (90) days from the date of the rendering of the final judgment, if such judgment is not appealed from, or in case the suit shall be dismissed by the plaintiff except pursuant to settlement, or the judgment be that the plaintiff is not entitled to a judgment condemning property, the defendant may recover of the plaintiff in an action brought therefor all reasonable expenses, including attorneys’ fees, incurred by him in defending the suit.
It is clear that Miss.Code Ann. § 11-27-29 deals with direct appeals from a judgment in the eminent domain court as to the amount of the judgment. Paragraph 2 of this section gives a party a right to file post trial motions within ten days, following which the jurisdiction of the court is extended for whatever length of time it takes for the eminent domain court to dispose of such motions. The jurisdiction of the eminent domain court expires ten days from date of the final judgment or order disposing of post trial motions.
Miss.Code Ann. § 11-27-37 deals with a factual scenario in addition to that encompassed in Miss.Code Ann. § 11-27-29. It provides:
(1) if the petitioner fails to pay the damages and costs awarded to the defendant within ninety (90) days from the date of rendering of the final judgment, or
(2) in case the suit shall be dismissed by the petitioner except pursuant to settlement; or
(3) judgment be that the petitioner is not entitled to condemn the property,
the defendant may recover of the petitioner in an action brought therefor all reasonable expenses, including attorneys’ fees, incurred by him in defending the suit.
Miss.Code Ann. § 11-27-37 gives the condemnor ninety days from the date of judgment to pay the damages assessed and costs. If the petitioner condemnor fails to make this payment, or secures a dismissal of the action except pursuant to settlement, or the judgment entered is that the petitioner had no right to condemn the property, then the defendant has a separate and distinct cause of action arising from either one of these three contingencies in which to bring an action to recover all reasonable expenses, including attorneys’ fees, incurred in defending the eminent domain suit.
The time within which to bring this separate action under Miss.Code Ann. § 11-27-37 is not governed by Miss.Code Ann. § 11-27-29, the time within which to perfect an appeal, but by general statutes governing limitation of actions against counties. Miss.Code Ann. § 15-1-51 (1972) provides that statutes of limitations on causes of action against counties begin to run “at the time when the plaintiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued on.”[2]
*938 In a suit brought under Miss.Code Ann. § 11-27-37, the applicable statute of limitations would begin to run ninety days from date of a judgment awarding damages. On the other hand, if the suit was dismissed at petitioner’s request or judgment was that petitioner was not entitled to condemn the property, the statute would begin to run from date of the judgment. Here the suit was dismissed at petitioner’s request.
Conceivably a defendant property owner might file a post trial motion in the eminent domain court to assess his damages in event of either of the above three contingencies, but there is no requirement that he do so. McDonald’s Corporation v. Robinson Industries, Inc., and Mississippi State Highway Commission, 592 So.2d 927 (Miss.1992). In fact, in event of the first contingency, the defendant landowner has no way of knowing the petitioner is not going to pay until ninety days from date of the eminent domain court judgment, and the jurisdiction of that court would then have expired eighty days previously. Thus, it would be incongruous to construe that contingencies arising under Miss.Code Ann. § 11-27-37 are covered by Miss.Code Ann. § 11-27-29.
We therefore find that Miss.Code Ann. § 11-27-37 gives the defendant landowner a separate cause of action against the petitioner condemnor, which may be brought via a post trial motion in the eminent domain court, or in a separate action in any court of competent jurisdiction.
Warren County was required to file a lis pendens notice in the chancery clerk’s office pursuant to Miss.Code Ann. § 11-27-7 giving public notice of the condemnation proceedings.
When the suit was dismissed, this lis pendens notice clearly constituted a cloud upon the title of Cox and Melsheimer. Allensworth v. First Galesburg National Bank & Trust Co., 7 Ill.App.2d 1, 128 N.E.2d 600 (1955). Chancery courts have jurisdiction to hear suits to remove clouds on title. Miss.Code Ann. § 11-17-31 (Supp. 1991). Therefore, the chancery court had original jurisdiction of this cause when it was filed March 21, 1989, as a cause to remove a cloud on a title, and manifestly— at the very minimum — pendent jurisdiction to hear the claim for litigation costs to these plaintiffs in defending the eminent domain action.
The chancellor erred when he concluded that jurisdiction of this matter, by virtue of Miss.Code Ann. § 11-27-29 was vested exclusively in the eminent domain court. Nor did the fact that thirty days subsequent to filing of the complaint that Warren County’s attorney cancelled the lis pendens notice divest that court of jurisdiction. Williams v. State, 459 So.2d 777 (Miss.1984); Bynum v. State, 222 Miss. 632, 76 So.2d 821 (1955); Barnes v. Rogers, 206 Miss. 887, 41 So.2d 58 (1949). The chancellor therefore was in error in failing to hear this cause, but instead transferring it to a then defunct eminent domain court.
We accordingly reverse and remand this cause to the chancery court of Warren County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.

. The chancellor offered no explanation as to how, following his decision that his court lacked subject matter jurisdiction, he nevertheless had the authority to order that the pleadings be amended from "board of supervisors” of Warren County simply to “Warren County.”

. Whether Miss.Code Ann. § 15-1-33, a one-year statute of limitations on penalties, or Miss. Code Ann. § 15-1-49, the "Mother Hubbard” six-year limitations statute is applicable to a *938 case as this need not be addressed. Plaintiffs’ complaint was not barred by either.