# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-00072-SCT

*CHERYL L. HIGH*

*v.*

*TODD KUHN AND ANGELA T. KUHN*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/08/2015 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| TRIAL COURT ATTORNEYS: | VIRGIL GILLESPIE |
| | ROBERT T. SCHWARTZ |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEY FOR APPELLANT: | STEVEN NICHOLAS NEWTON |
| ATTORNEY FOR APPELLEES: | VIRGIL G. GILLESPIE |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | REVERSED AND RENDERED - 03/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND MAXWELL, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. The special court of eminent domain granted Todd and Angela Kuhn's petition for a private road across Cheryl High's property in Gulfport. To obtain the private road, the Kuhns utilized Mississippi Code Section 65-7-201 (Rev. 2012). This section creates a statutory right for private citizens to petition the special court of eminent domain when a private road over the land of another is necessary for ingress and egress. But Section 65-7-

201 "was enacted pursuant to Sec. 110 of the State Constitution."[1]  And while Section 110 empowers the Legislature to create the statutory right to "private roads, where necessary for ingress and egress" upon "due compensation" to the property owners, this section is equally clear "such rights of way *shall not be provided for in incorporated cities and towns*."[2]  Thus, the legislatively created right to condemn private property for a private road—according to Mississippi's constitution—does not extend to land within incorporated cities and towns.

¶2.    Because the private property the Kuhns sought to condemn for a private road was in the incorporated City of Gulfport, the special court of eminent domain could not condemn High's property for the Kuhns' private benefit.  So we reverse the special court of eminent domain's order granting the Kuhns a private road under Section 65-7-201.  We render a judgment in High's favor, dismissing the Kuhns' sole claim.

### Relevant Facts and Procedural History

### I.    The Kuhns' Parcel

¶3.    Because her property was landlocked, High purchased a thirty-five-foot-wide strip of land between her property and Swan Road in Gulfport.  Immediately west of this strip lay the Plitts' property.  In 2007, the Plitts subdivided their property into two parcels.  The southern parcel became landlocked.  So the Plitts bought a ten-percent interest in High's thirty-five-foot strip to gain access to Swan Road.

---

[1] *Quinn v. Holly*, 244 Miss. 808, 811, 146 So. 2d 357, 358 (1962) (citing Miss. Const. art. 4, §110).

[2] Miss. Const. art. 4, § 110 (emphasis added).

2

¶4.     But this ten-percent interest did not cover the entire strip. Instead, the Plitts owned only an interest in the strip from Swan Road down to fifteen feet past the border of the south parcel. In other words, the Plitts' interest provided only a fifteen-foot access point to the strip and, consequently, a public road. Despite this limitation, the Plitts located their driveway south of their access point. And with High's permission, the Plitts would cross High's exclusive property when turning in and out of their driveway.

¶5.     Because of this, when the Plitts sold Angela Kuhn their house, along with the ten-percent interest in High's strip, the Plitts and Kuhns also entered a side agreement. The Plitts agreed to pay the Kuhns $3,750 in exchange for the Kuhns' accepting the property "as is." In this written agreement, the Kuhns expressly acknowledged "the land which is not part of the [Plitts' ten-percent interest] . . . is owned by Cheryl L. High and she has not restricted the use of said land, but all parties hereto acknowledge that she, or a subsequent owner, has the right to restrict said use[.]" Therefore, "if current use of the land which is not part of the roadway agreement is restricted in the future, then the Kuhns, or subsequent owners, will be required to relocate the driveway so that access is limited to the use of land subject to the roadway agreement, i.e., using the North fifteen feet (15') of subject property." For this reason, "the Plitts have offered and the Kuhns have accepted the sum of $3,750 to relocate the driveway at such time as it becomes necessary."

¶6.     After purchase, the Kuhns immediately began making improvements to their property, including building a large, three-car garage. Significantly, the garage was built in the path

3

where the driveway would have to be relocated to reach the fifteen-foot access point, should High restrict access to the current driveway.

¶7.    Just three months after the Kuhns' purchase, High *did* restrict access to their driveway. In December 2012, High built a fence between the Kuhns' property and the portion of the thirty-five-foot strip exclusively belonging to her. Because of this fence, the Kuhns could no longer enter and exit their property using the existing driveway but were instead restricted to the fifteen-foot gap at the northeastern corner of their property, behind their newly built garage. Further, High rejected the Kuhns' offer of $1,500 in exchange for an ingress and egress easement covering High's entire thirty-five-foot strip.

## II.    The Kuhns' Petition

¶8.    On March 22, 2013, the Kuhns filed a petition under Section 65-7-201. They sought to establish a special court of eminent domain so they could acquire a private easement over High's property.

¶9.    High responded by filing a motion to dismiss, which was heard three weeks before the condemnation hearing. High argued the Kuhns did not meet Section 65-7-201's requirement that the private road was "necessary for ingress and egress." As they put it, the Kuhns have access to their property—just not as much access as they would prefer. The special court deferred ruling, determining the best course was to hear the Kuhns' evidence first.

¶10.    The Kuhns proceeded with their case on April 29, 2013. Both Angela and Todd Kuhn testified about the access issues they experienced after High built the fence. After the Kuhns

4

rested, High again moved to dismiss. This time she raised the "constitutional issue that [the Kuhns] cannot overcome." High drew the court's attention to Article 4, Section 110 of the Mississippi Constitution. This section expressly prohibits the Legislature from creating the statutory right to condemn a private road "in incorporated cities and towns." Because the undisputed evidence showed High's property was within the incorporated City of Gulfport, High argued the Kuhns could not rely on Section 65-7-201 condemn her property for a private road. The Kuhns responded that High had waited "too late" to bring up Section 110. Because she had not cited Section 110 in her prehearing motion to dismiss, she waived this issue.[3]

¶11. The court took High's motion to dismiss under advisement. When the hearing next resumed, the court denied the motion without explanation. After the hearing, but before the special court of eminent domain entered its final order, High's counsel withdrew, and new counsel appeared. High's new attorney filed another motion to dismiss based on Section 110's clear prohibition.

---

[3] According to the Kuhns, High also failed to notify the Attorney General. They characterized her Section 110 argument as a "constitutional" challenge, triggering Rule 24(d)'s notice requirement. M.R.C.P. 24(d). Under Rule 24(d), "In any action . . . for declaratory relief brought pursuant to Rule 57 in which a declaration or adjudication of the unconstitutionality of any statute of the State of Mississippi is among the relief requested, the party asserting the unconstitutionality of the statute shall notify the Attorney General of the State of Mississippi within such time as to afford him an opportunity to intervene and argue the question of constitutionality." M.R.C.P. 24(d). But High maintained she was not attacking the constitutionality of the Section 65-7-201. Rather, she was challenging the Kuhns' ability to obtain an easement under Section 65-7-201 based on Section 110's clear restriction against a legislatively created right to a private road in an incorporated city.

¶12.    On January 8, 2015, the court entered its final order.  This order did not specifically deny High's outstanding motion to dismiss.  But the court did address Section 110 and its prohibition from establishing the statutory right to condemn a right of way for private roads in incorporated cities and towns.  The court acknowledged "[n]o question exists but that the property in question is located wholly within the city limits of the City of Gulfport."  But it found "[High] waived her right to assert dismissal pursuant to [Mississippi Constitution article 4,] Section 110 by failing to claim same five days prior to the hearing, pursuant to the provisions of Section 11-27-15[.]" *See* Miss. Code Ann. § 11-27-15 (Rev. 2004).  So as the court saw it, "the constitutionality of Section 110" need not be determined.  Still, the court believed it "appears beyond a reasonable doubt that Section 110 is violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States[.]"

¶13.    Even so, the court found the Kuhns' petition was "reasonable" and "it is necessary that they obtain access to their property along the entire length of the same."  So the court granted the Kuhns' petition for a right of way along the entire eastern border of their property.  And it ordered a jury trial be set to determine the amount High should be compensated.

¶14.    The damages trial was stayed on March 18, 2014, when this Court granted High's motion for interlocutory appeal.[4]  While High raises four issues on appeal, we focus on two:

_____

[4] As part of the order granting interlocutory appeal, this Court directed that "[t]he Attorney General shall be given notice of pleadings and an opportunity to respond." The Attorney General's office has been noticed on all the filings in this appeal but has not made an appearance or otherwise weighed in on this appeal.

(1) whether the order condemning private property within an incorporated city is unconstitutional, under Article 4, Section 110 of the Mississippi Constitution, and (2) whether the special court of eminent domain erred as a matter of law when it relied on Section 11-27-15 to find waiver. We agree the Kuhns' petition conflicts with Section 110 of the constitution. So it was error to grant them the relief they sought. Further, this error was not waived by operation of Section 11-27-15. Because we find High is entitled to reversal for these reasons, we need not address High's alternative arguments.[5]

**Discussion**

### I. No Remedy Under Section 65-7-201

¶15. To obtain an easement across High's property, the Kuhns petitioned a statutorily created court—the special court of eminent domain—for a statutorily created right. *See* Miss. Code Ann. § 11-27-3 (Rev. 2004) (establishing the special court of eminent domain); Miss. Code Ann. § 65-7-201 (establishing the right to a private road across another's property). The Kuhns based their petition on Section 65-6-201. This statute directs "any person [who] shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, [to] apply by petition, stating the facts and reasons, to the special court of eminent domain created under Section 11-27-3 of the county where the land

---

[5] High's alternative reasons for reversal were: (1) the special court of eminent domain lacked "subject matter jurisdiction" to condemn a private roadway within the incorporated limits of Gulfport, based on the clear limitation set forth in article 4, Section 110 of the Mississippi Constitution; and (2) the Kuhns failed to prove they were entitled to a private right of way under Section 65-7-201.

7

or part of it is located[.]" Miss. Code Ann. § 65-7-201.

¶16.    But this statute is subject to the limitations of the Mississippi Constitution. And Section 110 of the constitution clearly prohibits the Legislature from creating the statutory right to condemn for a *private* road property within an incorporated city or town. Miss. Const. art. 4, § 110. Under Section 110, "The Legislature may provide, by general law, for condemning rights of way for private roads, where necessary for ingress and egress by the party applying, on due compensation being first made to the owner of the property; *but such rights of way shall not be provided for in incorporated cities and towns*." (Emphasis added.)

¶17.    As originally enacted, the statute now codified as Section 65-7-201 directed anyone seeking a private road across the land of another to apply by petition to the board of supervisors of the county in which the land was located. Miss. Code of 1880, § 832; *see also* Miss. Code of 1892, § 3901; Miss. Code of 1906, § 4411; Miss. Code of 1917, § 7091; Miss. Code of 1930, § 6468; Miss. Code of 1942, § 8419; Miss. Code Ann. § 65-7-201 (1972). By directing petitioners to the county board of supervisors, the Legislature restricted applications to private roadways in land in the county (versus municipality) and thus avoided any constitutional conflict. Indeed, in passing on the validity of this version of the statute, this court upheld it, finding "that since the statute was enacted pursuant to Sec. 110 of the State Constitution, *and in strict accordance therewith*, the same is constitutional." *Quinn*, 244 Miss. at 811, 146 So. 2d at 358 (emphasis added) (citing Miss. Code of 1942, § 8419). *See Prichard*, Op. Att'y Gen. 1999-0261, 1999 WL 535498 (May 28, 1999) (opining Section

8

65-7-201 confers no jurisdiction upon the county board of supervisors to grant petitions for private roads over lands within incorporated cities).

¶18. Section 65-7-201 was amended in 2003. Instead of petitioning the county board of supervisors, those seeking private roads across another's property were redirected to file their petition with the special court of eminent domain and follow, "as nearly as possible," the statutory procedures "for the condemnation of private property for public use." Miss. Code Ann. § 65-7-201 (citing Title 11, Chapter 27 of the Mississippi Code, which governs eminent domain). But this change in procedure did not alter the underlying substantive right, which is clearly limited by Section 110. So just as the Kuhns, prior to 2003, would have had no right to petition the Harrison County Board of Supervisors under Section 65-7-201 for a private road in an incorporated town or city, they had no right in 2013 to petition the special court of eminent domain for a private road across High's property in Gulfport.

¶19. For this reason, the special court erred as a matter of law when it granted the Kuhns' petition under Section 65-7-201. Because the special court's order grants what the constitution clearly prohibits, it must be reversed.

## II. No Waiver Under Section 11-27-15

¶20. The special court found High "waived her right to assert dismissal pursuant to Section 110 by failing to claim same five days prior to the hearing, pursuant to the provisions of Section 11-27-15." But Section 11-27-15 does not impose a blanket waiver on all motions to dismiss not brought five days before the condemnation hearing. Instead, it enumerates

9

*three specific grounds* for dismissal that must be asserted at least five days before the hearing, lest they be waived. And all these grounds deal specifically with challenges to *public* takings.

¶21. The three grounds for dismissal that must be asserted under Section 11-27-15 are: "(1) that the plaintiff seeking to exercise *the right of eminent domain* is not, in character, such a corporation, association, district or other legal entity as is entitled to the right; (2) that there is *no public necessity* for the taking of the particular property or a part thereof which it is proposed to condemn; or (3) that the contemplated use alleged to be a public use is not in law *a public use* for which private property may be taken or damaged." Miss. Code Ann. § 11-27-15 (emphasis added). Here, the Kuhns were not pursuing eminent domain—i.e., a public taking under Section 11-27-1. Rather, they requested a private road under Section 65-7-201. And Section 65-7-201 does not require showing public necessity or public use. So none of the enumerated grounds for dismissal listed in Section 11-27-15 apply here.[6] Thus, the special court erred as a matter of law when it applied Section 11-27-15 to find waiver.

¶22. Still, the Kuhns insist High waited too late to bring up Section 110, wasting the Kuhns' and the special court's time by waiting until after they had presented all their evidence to move for dismissal based on Section 110. But as the petitioners, the Kuhns bore

---

[6] Amended Section 65-7-201 directs private condemnations to "proceed as nearly as possible as provided in Title 11, Chapter 27[.]" Miss. Code Ann. § 65-7-201. And Section 11-27-15 is an example of a procedure created for *public* condemnations that does not translate to private condemnations.

10

the burden to present facts showing they were entitled to the relief they sought. And after they rested, High was permitted to "move for a dismissal on the ground that upon the facts and the law [the Kuhns had] shown no right to relief." M.R.C.P. 41(b); *see also* **Highway Comm'n of Miss. v. Havard**, 508 So. 2d 1099, 1103 (Miss. 1987) (citing M.R.C.P. 81(a)(7)) (holding the Mississippi Rules of Civil Procedure govern the proceedings of the special court of eminent domain, "except where there may be found a procedural statute to the contrary"). High moved for dismissal citing the undisputed fact her property was within the City of Gulfport and our constitution's clear prohibition of a legislatively created right to a private road in an incorporated city. Based on these factual and legal barriers to private condemnation, the Kuhns had failed to show they were entitled to relief under Section 65-7-201. Because the Kuhns sought relief clearly not available to them under our constitution, we find the special court abused its discretion when it denied High's motion.

### III.    No Equal-Protection Violation

¶23.    Alternatively, the Kuhns argue the constitutional restriction in Section 110 is itself "unconstitutional." Piggybacking on the special court's dicta in its final order, the Kuhns assert Section 110 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by "deny[ing] city dwellers access rights, as opposed to county dwellers who have such rights." But to borrow language from one of the cases the Kuhns cite, "equal protection of the law under the United States Constitution does not preclude all disparities in treatment"—only disparities for which no rational purpose is served. ***Miss.***

11

*Mun. Ass'n v. State*, 390 So. 2d 986, 989 (Miss. 1980). And here, there is a rational purpose in granting the Legislature discretionary authority to establish a statutory right to condemn rights of way for private roads but restricting the Legislature from providing for such private rights of way in incorporated cities and towns.

¶24. Section 110 addresses access issues that may arise in unincorporated areas, where there are few public roads, by providing a way for the property owner to pay for and maintain his or her own private road. Incorporated cities and towns like Gulfport, by contrast, have numerous public roads. Not only that, these incorporated towns and cities also have ordinances that require properties to abut these public roads. And by restricting the statutory right to a private road to nonincorporated areas, Section 110 avoids interfering with a city's or town's prerogative to mandate the minimum-access requirements necessary to provide for the health, safety, and welfare of its citizens.

¶25. But removing the right created by Section 65-7-201 from the table does not necessarily leave the Kuhns without any recourse. The Kuhns have not pursued any common-law remedies to gain access. Nor have they sought the City's assistance to help resolve the problem created by the subdivision of the Plitts' parcel. And our holding today does not prejudice the Kuhns' ability to avail themselves of these, and potentially other, remedies.

### IV. No Action for Reasonable Expenses

¶26. Finally, while not raised as a separate issue, High asks this court to award her "any

and all expenses and costs for the defense of this action, including reasonable attorneys' fees, pursuant to Miss. Code Ann. § 11-27-37." But that issue is not properly before us.

¶27. Section 11-27-37 directs a claim for expenses to be brought in a separate action: "In case . . . judgment be that the plaintiff is not entitled to a judgment condemning property, the defendant may recover of the plaintiff *in an action brought therefor* all reasonable expenses, including attorneys' fees, incurred by him in defending the suit." Miss. Code Ann. § 11-27-37 (Rev. 2004) (emphasis added); *see also* **Cox v. Warren Cty.**, 600 So. 2d 935, 938 (Miss. 1992) (holding "[Section] 11-27-37 gives the defendant landowner a separate cause of action against the petitioner condemnor, which may be brought via a post trial motion in the eminent domain court, or in a separate action in any court of competent jurisdiction"). For obvious reasons, High has yet to bring a separate cause of action or a post-trial motion for expenses. Instead of addressing High's claim for expenses for the first time on interlocutory appeal, we deny her request without prejudice.

## Conclusion

¶28. To solve their access problem, the Kuhns asserted a statutory right not available to them under our constitution. For this reason, we find the special court of eminent domain erred in granting their petition. We reverse the order granting the petition to establish a private road across High's property located in the City of Gulfport and render a judgment in High's favor.

¶29. **REVERSED AND RENDERED.**

13

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN AND BEAM, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**