# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-00092-SCT

*CHERYL L. HIGH*

*v.*

*TODD KUHN AND ANGELA T. KUHN*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/10/2017 |
| TRIAL JUDGE: | HON. MICHAEL H. WARD |
| TRIAL COURT ATTORNEYS: | VIRGIL G. GILLESPIE |
| | STEVEN NICHOLAS NEWTON |
| | ROBERT THOMAS SCHWARTZ |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY SPECIAL COURT OF EMINENT DOMAIN |
| ATTORNEY FOR APPELLANT: | STEVEN NICHOLAS NEWTON |
| ATTORNEY FOR APPELLEES: | VIRGIL G. GILLESPIE |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | REVERSED AND REMANDED - 12/14/17 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., MAXWELL AND ISHEE, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     In ***High v. Kuhn***, 191 So. 3d 113 (Miss. 2016) (***High I***), we reversed and rendered the judgment of the special court of eminent domain, specifically finding the plaintiffs, Todd and Angela Kuhn, were not entitled to condemn Cheryl High's property for a private road.  The statutory procedures governing eminent-domain actions permit a defendant like High to recover expenses—including attorney's fees—when "the judgment be that the plaintiff is not entitled to a judgment condemning property[.]"  Miss. Code Ann. § 11-27-37 (Rev. 2004).

Following this Court's mandate, High moved the special court for an award of attorney's fees and expenses under Section 11-27-37.

¶2. The special court held Section 11-27-37 did not apply and denied High's request. High again appealed to this Court. And once again, we must find error. The Kuhns clearly invoked the statutory procedures of the special court of eminent domain when they petitioned that court for the statutory right to condemn High's property for a private road. Thus, Section 11-27-37—the eminent domain statute which provides for the recovery of attorney's fees and expenses—applied.

¶3. Because the award of fees and expenses under Section 11-27-37 is discretionary, not mandatory, we remand this matter to the special court of eminent domain to consider the merits of High's motion and the reasonableness of her request for $25,990.58 in attorney's fees and expenses, plus interest.

## Background Facts and Procedural History

### I.     First Appeal[1]

¶4. The Kuhns bought their landlocked residential property knowing the current route to their driveway—over High's neighboring property—could be cut off at any point in the future. When High soon after refused to allow them to use her property to get to theirs, they invoked the procedures of Mississippi Code Section 65-7-201 (Rev. 2012) and petitioned the Harrison County Special Court of Eminent Domain for a private road across High's property.

---

[1] More details about the Kuhns' attempt to establish a private road across High's property and High's first appeal can be found at *High I*, 191 So. 3d 113.

¶5.　At the close of the Kuhns' evidence, High moved for dismissal.  She argued the undisputed evidence showed her property was in the City of Gulfport.  And Section 110 of the Mississippi Constitution clearly prohibited condemning for a statutory private road any property located within an incorporated town or city.  *See* Miss. Const. art. 4, § 110.

¶6.　The special court denied High's motion and granted the Kuhns a private road under Section 65-7-201.  High petitioned for and was granted interlocutory appeal.  On appeal, this Court agreed with High.  "Section 110 of the constitution clearly prohibits the Legislature from creating the statutory right to condemn for a private road property within an incorporated city or town."  *High I*, 191 So. 3d at 117 (emphasis removed).  Thus, the statutory right the Legislature created in Section 65-7-201 to petition the special court of eminent domain to establish a private road does not extend to condemning property within a city like Gulfport.  *Id.* at 118.  For this reason, we reversed and rendered the judgment of the special court, finding that court had erred as a matter of law when it granted the Kuhns' request for a private road across High's property in Gulfport.  *Id.*

¶7.　As part of her interlocutory appeal, High requested attorney's fees under Section 11-27-37.  Section 65-7-201 directs that when a petition is filed under that section, "the case shall proceed as nearly as possible as provided in Title 11, Chapter 27 for the condemnation of private property for public use."  Miss. Code Ann. § 65-7-201.  And Section 37 of Title 11, Chapter 27, provides that a successful defendant landowner may recover "reasonable expenses, including attorneys' fees, incurred by him in defending the suit."  Miss. Code Ann. § 11-27-37.  But because those expenses are recoverable "in a separate action"—and High

3

had yet to bring an action for attorney's fees and expenses—we denied High's request without prejudice. **High I**, 191 So. 3d at 120.

## II. Current Appeal

¶8. Following this Court's mandate, High went back to the special court and filed a post-judgment motion for attorney's fees and expenses in the amount of $25,990.58, plus interest. *See* **Cox v. Warren Cty.**, 600 So. 2d 935, 938 (Miss. 1992) (holding "[Section] 11-27-37 gives the defendant landowner a separate cause of action against the petitioner condemnor, which may be brought via a post trial motion in the eminent domain court, or in a separate action in any court of competent jurisdiction"). After a hearing, the special court denied High's motion.

¶9. According to the special court, because "our Supreme Court has made it abundantly clear that the Kuhns were not entitled to seek relief from this Court, a Special Court of Eminent Domain . . . , it follows that the provisions of the eminent domain laws, as codified in Sections 11-27-1 are inappropriate here and, thus, Section 11-27-37 is inapplicable." And because "there is neither contractual nor statutory authority to grant attorney's fees in this cause,"[2] the special court denied High's motion.

¶10. High appealed for a second time.

**Discussion**

---

[2] *See* **Fulton v. Miss. Farm Bureau Cas. Ins.**, 105 So. 3d 284, 287-88 (Miss. 2012) (noting, "absent some statutory authority or contractual provision, attorneys' fees cannot be awarded unless punitive damages are also proper").

4

¶11. The three issues High raises on appeal boil down to one question—Did the special court err when it ruled Section 11-27-37 did not apply? As we pointed out in *High I*, "[t]o obtain an easement across High's property, the Kuhns petitioned a statutorily created court—the special court of eminent domain—for a statutorily created right." *High I*, 191 So. 3d at 117. Thus, it follows that the statutes governing eminent domain actions—including Section 11-27-37—apply.

¶12. First, Section 11-27-37 applies under the plain language of Section 65-7-201. "The Kuhns based their petition on Section 65-[7]-201." *High I*, 191 So. 3d at 117. And that statute directs, "[w]hen any person shall desire to have a private road laid out through the land of another, . . . he shall apply by petition . . . to the special court of eminent domain created under Section 11-27-3 . . . , and the case shall proceed *as nearly as possible* as provided in Title 11, Chapter 27 for the condemnation of private property for public use." Miss. Code Ann. § 65-7-201 (emphasis added). Thus, the Legislature's intent was that an action for a private condemnation, to the extent possible, would be just like an action for a public condemnation. So, just like an action for a public condemnation, when a plaintiff fails to obtain a judgment for a private condemnation, the defendant may recover her reasonable expenses—including attorney's fees—incurred in defending the action. Miss. Code Ann. § 11-27-37.

¶13. Second, Section 11-27-37 applies even though we ruled the Kuhns were not entitled to the remedy they sought. Because we held that the Kuhns "had no right . . . to petition the

5

special court of eminent domain for a private road across High's property in Gulfport,"[3] the Kuhns argued—and the special court agreed—that *none* of the provisions of Title 11, Section 27 applied. But the fact the Kuhns' petition was dead on arrival actually *supports* awarding High attorney's fees.[4]

¶14.    As we noted in ***High I***, the Kuhns had other common-law remedies available to them to gain better access to their property, which they could have pursued in chancery court. ***High I***, 191 So. 3d at 119. Instead, they pursued a statutory remedy in the special court of eminent domain. In other words, it was the Kuhns who chose to invoke the statutory provisions of Section 65-7-201 and Title 11, Chapter 27, to resolve their dispute with High.

---

[3] ***High I***, 191 So. 3d at 118.

[4] On appeal, the Kuhns frame the issue as the special court of eminent domain lacking "subject matter jurisdiction"—an argument High made and this Court declined to address in ***High I***. ***High I***, 191 So. 3d at 117 n.5. We see no reason for this Court to consider this issue now.

First, this assertion is inconsistent with the Kuhns' position in ***High I***, in which they argued the special court of eminent domain was the only court that could afford them the relief they sought.

Second, for the Kuhns now to change their tune and argue that the court *they chose* lacked subject matter jurisdiction does not help their cause. The Mississippi Litigation Accountability Act authorizes the award of attorney's fees as a sanction for a "frivolous" filing, which is defined as having "no hope of success." See ***Anderson v. B.H. Acquisition, Inc.***, 771 So. 2d 914, 921-22 (Miss. 2000) (discussing Miss. Code Ann. § 11-55-5(1) (Rev. 2012)). And a suit filed in a court lacking authority to grant the relief sought squarely falls under that "no hope" category. See ***Mark S. Bounds Realty Partners, Inc. v. Lawrence***, 34 So. 3d 1224, 1230 (Miss. Ct. App. 2010) (holding that the filing of an action in chancery court, which the plaintiff knew or should have known lacked subject matter jurisdiction, supported the chancery court's award of attorney's fees as sanctions). Thus, by insisting they filed an action in a court that lacked subject matter jurisdiction, the Kuhns are essentially conceding their action was "frivolous"—opening up another statutory door for High to potentially recover attorney's fees. *See* Miss. Code Ann. § 11-55-5(1); *see also* ***Lawrence***, 34 So. 2d at 1230 (upholding an attorney's fees award imposed by a court lacking subject matter jurisdiction over the action).

6

And one of these provisions is that, should the Kuhns not succeed, they may have to pay High's reasonable expenses. Miss. Code Ann. § 11-27-37. The Kuhns did not succeed, because the remedy they chose was constitutionally unavailable to them. Thus, Section 11-27-37 applied.

**Conclusion**

¶15. To hold that Section 11-27-37 applies, however, does not automatically entitle High to the more than $25,000 in attorney's fees and expenses, plus interest, she requested. Recovering reasonable expenses and attorney's fees under Section 11-27-37 is not automatic. The statute provides "the defendant *may* recover," not "shall."[5] Miss. Code Ann. § 11-27-37 (emphasis added). Thus, whether to award statutory attorney's fees and expenses under Section 11-27-37 and, if so, in what amount falls within the discretion of the trial court.

¶16. As an alternative argument, the Kuhns argue this Court should affirm the special court's denial of High's motion because High failed to support her attorney's fees petition with sufficient evidence. But this argument is premature. The Kuhns concede that High presented evidence that she incurred "some attorneys fees" in defending their action. So what the Kuhns are really challenging is the *reasonableness* of the amount of an attorney's fee award that has not yet been granted. The special court held High could not recover attorney's fees and expenses, period. It did not address whether High's evidence supports her receiving the entire amount of fees she requested.

---

[5] *See* **Pitalo v. GPCH-GP, Inc.**, 933 So. 2d 927, 929 (Miss. 2006) ("Simply stated, 'shall' is mandatory, while 'may' is discretionary.").

7

¶17.    Because High's reasonable attorney's fees and expenses may be recoverable under Section 11-27-37, we reverse the special court's order denying High's motion and remand this issue to the special court for further proceedings.

¶18.    **REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**